537 P.2d 1095 (1975)
In re the CUSTODY OF David Lewis THOMAS.
Paul L. THOMAS, Plaintiff-Appellant,
v.
Gayla R. THOMAS, Defendant-Appellee.
No. 74-499.
Colorado Court of Appeals, Div. III.
May 6, 1975.
Hackethal, McNeill & Aucoin, P. C., George C. Aucoin, Lakewood, for plaintiff-appellant.
John A. Wilson, Lakewood, for defendant-appellee.
Selected for Official Publication.
VanCISE, Judge.
Plaintiff Paul L. Thomas (Paul), the father, appeals from an order dismissing his complaint for lack of subject matter jurisdiction. Paul had asked that permanent custody of his eight-year-old son, David, be changed to him from defendant Gayla R. Thomas (Gayla), the mother. He also appeals the judgment for attorney fees to *1096 Gayla's attorney. We affirm the dismissal of the complaint, and reverse the judgment for attorney fees.
In 1962, Gayla and Paul were married in Emporia, Kansas, where they lived until their divorce. David was born to them September 2, 1966. In November 1968, a divorce decree was entered by the District Court of Douglas County, Kansas. As a part of that decree, custody was awarded to Gayla, with reasonable visitation rights in Paul.
Thereafter, David lived with Gayla in Emporia and Paul had frequent visitations with him there. After Paul and his new wife moved to Colorado, David visited with them for six weeks in the summer of 1973. Arrangements for 1974 summer visitation were agreed on, and, pursuant thereto, Paul picked up David on July 6 and was to return him to Gayla in Kansas on August 17.
On July 10, while David was in Colorado on his summer visitation, Paul filed a motion in the court in Douglas County, Kansas, seeking either change of custody to him or specific visitation provisions. The motion was set for hearing there on July 30. On July 22, in the same Kansas court, Gayla moved for an increase in child support. On August 6, Paul withdrew his motion for custody with court permission.
By verified complaint filed August 8 in the district court for Jefferson County, Colorado, Paul asked for modification of the Kansas decree to change David's permanent custody to him. Relying on his residence in and David's presence in Colorado, Paul asserted the court had jurisdiction to modify the Kansas decree based on allegations generally in the wording of § 104(1) (b) and (c) of the Uniform Child Custody Jurisdiction Act (§ 14-13-101 et seq., C.R.S.1973, hereinafter termed the Uniform Act, with sections thereof to be referred to by section number only).
At the time the complaint was filed, the court set the matter for hearing on August 20 as to jurisdiction to determine custody. At that hearing, Paul filed with the court a psychological evaluation report containing the writer's observations about David's being a disturbed child and suggestions for further evaluation. The court entered an ex parte order assuming jurisdiction, awarded temporary custody to Paul, and set the matter for hearing on the merits September 9.
Gayla was served in Kansas with summons and complaint on August 12. On August 21, she filed a motion to dismiss the complaint for lack of custody determination jurisdiction in the Colorado court pursuant to the Uniform Act, and for a writ of habeas corpus for return of David to her based on the Kansas decree. Her motion was supported by her affidavit concerning David's and her Kansas residency, his presence in Colorado for visitation only, the date school commenced in Kansas, and the various 1974 negotiations and court proceedings in Kansas. Certified copies of the Kansas divorce settlement agreement, the decree, and the 1974 motions and order above referred to were included with the affidavit.
On September 9, the matter came on for hearing. On the facts alleged in the pleadings and affidavits, the certified copies of Kansas documents, and the facts admitted by the parties,[1] the court concluded that under the Uniform Act it would not exercise jurisdiction, that the Kansas court still had jurisdiction, and that under the Uniform Act the proper place to seek any change of custody was Kansas. It thereupon dismissed the complaint, ordered the boy turned over forthwith to the mother, and entered judgment against Paul for Gayla's travel and other necessary expenses, including attorney fees. Paul appeals.

*1097 I.
The primary issue on this appeal, as in Glass v. Glass, Colo.App., 537 P.2d 1092 announced May 6, 1975, is whether under the Uniform Act the Colorado court had jurisdiction, or should have exercised jurisdiction, to rule on the merits of Paul's complaint asking for David's permanent custody, when a court in Kansas, where Gayla and David were domiciled, had by decree awarded custody to the mother. For a more detailed discussion of the Uniform Act and its application to this issue, see Glass, supra.
Under its local law, Kansas retains continuing jurisdiction to modify its custody decrees. See Anderson v. Anderson, 214 Kan. 387, 520 P.2d 1239; Miracle v. Miracle, 208 Kan. 168, 490 P.2d 638; Perrenoud v. Perrenoud, 206 Kan. 559, 480 P.2d 749. Paul had himself invoked Kansas's jurisdiction only a few days before commencing his action in Colorado, and no claim has been made that Kansas could not or would not have heard his application there. On the date Paul filed his complaint in Colorado, all significant connections of David and Gayla were with Kansas and David's contacts with Colorado were minimal. Under § 104(1), Kansas had jurisdiction to make a custody determination. Hence, pursuant to § 115(1), the Colorado court could not modify the existing Kansas custody decree. Accordingly, the trial court correctly declined to assume subject matter jurisdiction.
The fact that Paul alleged that existence of an emergency situation which he claimed required the Colorado court to intervene and modify the Kansas decree does not confer such power on the court in this state. Under such circumstances, the court, under its general parens patriae jurisdiction over a child physically present in the state, properly made a temporary order to protect the child. See Wilson v. Wilson, 172 Colo. 566, 474 P.2d 789; Brouwer v. District Court, 169 Colo. 303, 455 P.2d 207; Ferreira v. Ferreira, 9 Cal.3d 824, 109 Cal.Rptr. 80, 512 P.2d 304. However, under the Uniform Act, a Colorado court is not authorized to modify an existing custody decree even in an emergency unless the court which rendered that decree no longer has or has declined to assume, jurisdiction of the matter. Section 115(1).

II.
Under various sections of the Uniform Act, such as § 108(7), courts in this state may require the party who commenced the proceedings to pay, in addition to costs, the "necessary travel and other expenses, including attorney fees, incurred by other parties or their witnesses." Judgment was entered against Paul in the amount of $1,820.36, based on Gayla's affidavit. Of this amount, $1,000 was for her attorney fees and the balance was for court costs, her transportation and motel expenses, long distance phone calls, a fee for a psychiatric report, and her loss of wages from her job during her stay in Colorado. Paul challenges only the amount of the attorney fee portion of this judgment, on the basis that the amount was determined without any evidence as to its reasonableness. We agree.
Before a court can award attorney fees as a necessary expense under the Uniform Act, there should be a showing that the fee has been paid or agreed upon and that the amount is reasonable. See Denver Gravel & Concrete Co. v. Boyle, 161 Colo. 206, 420 P.2d 829, and Rock Wool Insulating Co. v. Huston, 141 Colo. 13, 346 P.2d 576. Where, as here, there was no evidence presented, the matter must be remanded for hearing and for judgment to be entered in the amount found to be reasonable under the circumstances of the case and of the parties thereto. See Morrison v. Peck, 151 Colo. 83, 376 P.2d 58; Tower v. Tower, 147 Colo. 480, 364 P.2d 565.
Judgment is affirmed as to the dismissal of the complaint, and as to the $820.36 portion of the money judgment; reversed as to the $1,000 portion of the judgment for attorney fees; and the cause is remanded *1098 for hearing on the amount of attorney fees to be awarded and for the entry of judgment pursuant thereto.
RULAND and STERNBERG, JJ., concur.
NOTES
[1] Neither party offered any evidence or made any offer of proof either to supplement or to contravene any of the factual allegations.