565 P.2d 950 (1977)
In re the CUSTODY OF Travis Arthur RECTOR.
Leo Daniel RECTOR, Petitioner-Appellant, and
Elizabeth Ann RECTOR, Respondent-Appellee.
No. 76-222.
Colorado Court of Appeals, Div. III.
March 3, 1977.
Rehearing Denied March 24, 1977.
Certiorari Denied June 27, 1977.
Moyers, Kirkman & Henley, Thomas C. Henley, Colorado Springs, for petitioner-appellant.
*951 Gibson, Gerdes & Campbell, Frederick H. Campbell, William A. Palmer, Colorado Springs, for respondent-appellee.
BERMAN, Judge.
Petitioner, Leo Daniel Rector (Leo), appeals from an order dismissing for lack of subject matter jurisdiction his petition for change of custody. Leo had asked that permanent custody of his five-year-old son, Travis Arthur, be changed from respondent, Elizabeth Ann Rector (Elizabeth), to him. We affirm the dismissal of the petition.
Leo and Elizabeth were married in Colorado Springs in 1970, and Travis was born in Colorado Springs that same year. Thereafter, the parties moved to Kansas, and on December 18, 1974, a decree of divorce was entered by a Kansas court dissolving the marriage of the parties and awarding custody of Travis to Leo. On June 2, 1975, that court entered an order modifying the former custody decree, and awarding custody of Travis to Elizabeth. Leo appealed the June 2 order to the Kansas Supreme Court, which appeal was still pending when the present case was commenced in Colorado.
Following the change of custody proceedings in Kansas, Elizabeth, on June 3, 1975, returned to Colorado Springs to stay with her parents. Travis was brought to Colorado Springs on June 22, 1975, where he resided with his paternal grandparents until July 1, 1975, when, pursuant to the Kansas order, custody was transferred to Elizabeth. At the time this action was instituted Travis and Elizabeth were in Colorado Springs at her parents' home.
On December 23, 1975, Leo commenced the instant suit by filing a petition for modification of the Kansas custody decree under the Uniform Child Custody Jurisdiction Act, § 14-13-101, et seq., C.R.S.1973 (Uniform Act). He sought and obtained an ex parte restraining order, restraining Elizabeth from removing Travis from Colorado pending resolution of his petition.
On December 26, 1975, the matter came on for hearing on the issue of jurisdiction. After hearing the testimony of Elizabeth and Leo, and reviewing the certified copy of the transcript of the June 2 Kansas proceeding, the court found: (1) That there was a pending appeal in the Kansas courts concerning the custody of Travis, (2) that Elizabeth was only in Colorado on a temporary basis, (3) that Kansas had held a full hearing on the matter of child custody with both parties present, and (4) that, under the Uniform Act, Colorado was not the "permanent place" of the child. The court concluded that it lacked subject matter jurisdiction and dismissed Leo's petition and dissolved the restraining order.
At issue on this appeal is whether, under the Uniform Act, the Colorado court had jurisdiction, or should have exercised jurisdiction, to rule on the merits of Leo's petition when a court in Kansas had awarded custody to the mother, and an appeal as to that award was still pending in the Kansas courts.
Part of the underlying philosophy of the Uniform Act is that only the courts of one state should have responsibility for the custody of a particular child, in order "to discourage continuing controversies over child custody in the interest of stability of home environment for the child . . . ." Bodenheimer, The Uniform Child Custody Jurisdiction Act: A Legislative Remedy for Children Caught in the Conflict of Laws, 22 Vand.L.Rev. 1207 (1969). As noted by our Supreme Court, the provisions of the Uniform Act seek, "to eliminate jurisdictional fishing with children as bait." Wheeler v. District Court, 186 Colo. 218, 526 P.2d 658 (1974).
In order to implement this basic policy, the Uniform Act provides certain minimal jurisdictional requisites, and then sets forth various situations in which a court otherwise having jurisdiction either may not, or should not, exercise that jurisdiction. See generally In re Custody of Glass, 36 Colo. App. 91, 537 P.2d 1092 (1975); In re Custody of Thomas, 36 Colo.App. 96, 537 P.2d 1095 (1975).
In the instant case, Leo argues that the trial court had jurisdiction under either subsection (1)(a) or subsection (1)(b) of *952 § 14-13-104, C.R.S.1973. However, we need not consider this argument inasmuch as we hold that § 14-13-107(1), C.R.S.1973, precluded the trial court from exercising jurisdiction, regardless of whether such jurisdiction might have arisen under either of the cited subsections.
Section 14-13-107(1), C.R.S.1973, states:
"Simultaneous proceedings in other states. (1) A court of this state shall not exercise its jurisdiction under this article if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with [the Uniform Act], unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons." (emphasis added)
It is not questioned in the instant case that an appeal was pending at the time Leo's petition was filed, nor is it disputed that at the time Kansas ordered the change of custody it had jurisdiction "substantially in conformity" with the Uniform Act. Rather, Leo argues that an appeal is not a simultaneous proceeding within the meaning of the above-quoted statute. He also argues that Kansas did not have "jurisdiction under prerequisites substantially in conformity" with the Uniform Act at the time the instant petition was filed. We disagree.
Under § 14-13-107(1), C.R.S.1973, a proceeding concerning the custody of a child is deemed simultaneous to a new proceeding if it is "pending" in the court of another state. Our research has failed to unearth any Kansas decisions directly concerning the issue whether a case is deemed "pending" while on appeal, and neither counsel has directed our attention to any cases or statutes on point. However, we can infer from Standard Implement Co. v. Stevens, 51 Kan. 530, 33 P. 366 (1893), that Kansas would hold a case on appeal is "pending," and under the common law of Colorado a civil case is deemed "pending" until final determination on appeal. People v. District Court, 89 Colo. 78, 299 P. 1 (1931); cf. People v. District Court,___ Colo. ___, 559 P.2d 235 (1977). "In the absence of a definite showing to the contrary, the presumption is that the common law of Kansas is the same as that of Colorado." United States National Bank v. Bartges, 120 Colo. 317, 210 P.2d 600 (1949). Thus, we hold that the appeal in the Kansas courts was a "pending" proceeding within the meaning of § 14-13-107(1), C.R.S.1973.
In cases such as the instant one, where the rendering court initially had jurisdiction and the case is still pending in that judicial system, the proper course of action is to request a stay from the court in which the case is pending, see § 14-13-107, C.R.S. 1973, and thus "[p]romote and expand the exchange of information and other forms of mutual assistance between the courts of this state and those of other states concerned with the same child . . .." Section 14-13-102(1)(h), C.R.S.1973.
For the foregoing reasons we hold that the district court properly dismissed the petition in the instant case.
Judgment affirmed.
SMITH and RULAND, JJ., concur.