**Sylvia GARCIA, Plaintiff-Appellant,**

v.

**Barbara MARTINEZ, a/k/a Barbara Galindo, Defendant-Appellee.**

**No. 80CA1246.**

Colorado Court of Appeals, Div. I.

Feb. 18, 1982.

Michael P. Dugan, Greeley, for plaintiff-appellant.

Charles B. Dickson, Greeley, for defendant-appellee.

COYTE, Judge.

Plaintiff appeals from the judgment of the trial court dismissing her action seeking to have custody of her child adjudicated under the Uniform Child Custody Jurisdiction Act, § 14–13–101 et seq. C.R.S.1973. We affirm.

Plaintiff's child was born in Colorado August 1, 1977. Subsequently, plaintiff planned to marry a person not the father of her child and went to visit her future mother-in-law in California on May 31, 1978. While there she signed a document purporting to relinquish custody of her child to the future mother-in-law. Thereafter, plaintiff returned to Colorado, leaving the child in California. On March 24, 1981, she commenced this action seeking an order returning custody of the child to her.

The trial court dismissed the suit on the basis that it was not in the best interest of the child for this state to assume jurisdiction of the child since California is the "home state" of the child.

Section 14–13–104, C.R.S.1973 provides in relevant part that:

"A court of this state . . . has jurisdiction to make a child custody determination . . . if:

(a) this state is the home state of the child at the time of commencement of the proceeding or had been the child's home state within six months before commencement of the proceeding, and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or a person acting as parent continues to live in this state; or

(b) It is in the best interest of the child that a court of this state assume jurisdiction because the child and his parents, or the child and at least one contestant have a significant connection with this state and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships . . ."

Here, plaintiff has not met any of the jurisdictional prerequisites set forth in § 14–13–104(1)(a) or (b), C.R.S.1973. Her child has been living in California for nearly three years with the plaintiff's mother-in-law and has not been in Colorado since 1978. The child was voluntarily left there by plaintiff when she relinquished care to her mother-in-law. All of the child's significant contacts, relationships, and training are located in California. The plaintiff is the only person who has significant contacts with Colorado.

California is thus the home state of the child and the proper state to have jurisdiction over the child. We therefore hold that the trial court did not err when it declined to accept jurisdiction of the controversy. *Cf. In Re Custody of Thomas*, 36 Colo.App. 96, 537 P.2d 1095 (1975).

Plaintiff's other contentions of error are without merit.

Judgment affirmed.

PIERCE and SMITH, JJ., concur.