In re the MARRIAGE OF Dennis James TATUM, Appellant,

and

Norma Joanne Lamantia-Tatum, Appellee.

No. 81CA1110.

Colorado Court of Appeals, Div. III.

Sept. 9, 1982.

Armando C. DeBaca, Denver, for appellant.

No appearance for appellee.

KIRSHBAUM, Judge.

In this child custody action, Dennis James Tatum (husband) appeals the trial court's orders declining to exercise jurisdiction and awarding costs and attorney fees to Norma Joanne Lamantia-Tatum (wife). We affirm.

The following facts are undisputed. The parties were married in Colorado. After a lengthy stay in Europe, they and their child moved to Georgia in 1978. They separated in December 1980, and wife took custody of the child. On March 3, 1981, wife filed an action in Columbia County, Georgia, seeking a divorce, child custody, and other relief. A settlement agreement executed by both parties which contained a provision granting custody of the child to wife was also filed in that action.

On March 21, 1981, during a prearranged weekend visitation, husband unilaterally removed the child to Colorado, where he secreted the child. On March 24, 1981, husband filed a dissolution action in Colorado seeking custody of the child. The pleading did not include the requisite custody affidavit, and husband's Colorado attorney knew of the pending Georgia divorce proceeding.

Husband then filed an answer in the Georgia action, alleging that his conduct was justified because the child had been mistreated by wife and had been exposed to immoral and illegal living conditions. Husband also contended that because he was not a resident of Columbia County, venue was improper and the Georgia court lacked jurisdiction. Based on this contention, the Georgia action was dismissed on April 3, 1981. Subsequent efforts by wife to file another action in Georgia were unsuccessful because of her inability to effect service upon husband.

Following dismissal of the Georgia action, wife filed numerous motions with the Colorado trial court requesting that court to decline jurisdiction. After an evidentiary hearing, the court found that although it had no jurisdiction at the time the Colorado action was filed because of the pendency of the Georgia action, see § 14–13–107, C.R.S. 1973, it would not refuse to exercise jurisdiction pursuant to § 14–13–107 because, at the time of the jurisdictional hearing, no action was pending in Georgia. The court then concluded:

"[I]n order to effectuate the legislative purpose stated in C.R.S.1973, 14–13–102,

the Court relies upon C.R.S.1973, 14–13–108 in determining its action. [Wife] has filed a custody Affidavit in this case pursuant to C.R.S.1973, 14–13–110. Based on that Affidavit and the evidence presented at the hearing, the Court concludes that Georgia is the proper forum to decide custody in this case pursuant to the factors listed in C.R.S.1973, 14–13–108(3)."

The court found that husband had removed the child from Georgia for the purpose of filing the instant action in Colorado and that husband's conduct contravened the entire purpose of the Uniform Child Custody Jurisdiction Act. Finally, the court found that, pursuant to § 14–13–108, C.R.S. 1973, Colorado was an inconvenient forum to decide the custody issue.

Accordingly, the court stayed all further proceedings in the action, conditioned upon wife commencing an action in Georgia, *see* § 14–13–108(5), C.R.S.1973, and husband filing a consent to the jurisdiction of the Georgia court. Pursuant to wife's motion under § 14–13–108(7), C.R.S.1973, the court ordered her to file an affidavit concerning her expenses for travel between Denver and Georgia and for her stay in Colorado. Wife also was ordered to file an affidavit concerning expenses for her attorney fees. The trial court ordered that, in the event no objections were filed to the amounts stated in the affidavits, the court would award such amounts to wife. Wife did file such affidavit, and when husband failed to file any objections thereto, he was ordered to pay $499.04 to wife for expenses and $1,735.35 in attorney fees.

Wife later filed an action in Georgia, and husband filed a consent to jurisdiction therein. In that consent, husband stated that he did "not waive his right to withdraw his consent in the event that the [Colorado] judge should modify his order or his order should be reversed on appeal."

After a hearing during which evidence was presented regarding the applicability of the Uniform Act, *see* Ga.Code Ann. § 74–501, et seq. (1981), the Georgia trial court assumed jurisdiction over the custody proceedings, entered a decree of divorce, granted temporary custody of the child to wife, and expressly reserved the question of permanent child custody and support for determination at a later date. Upon being informed of the Georgia proceedings, the trial court here dismissed this action with prejudice, reserving, however, the question of additional attorney fees. Wife filed a motion for additional attorney fees of $1,149.07 and following a hearing, the trial court awarded her additional attorney fees in the amount of $750.

I.

Husband contends that the trial court abused its discretion in declining jurisdiction. We disagree.

Husband first asserts that the trial court exhibited bias or prejudice against him during the jurisdictional hearing. He argues that such prejudice was evidenced by a ruling which sustained wife's objection to the use of leading questions by husband's attorney during his cross-examination of husband after wife's direct examination of husband as an adverse witness. *See* C.R. C.P. 43(b). We agree that the ruling was erroneous. *See Saucerman v. Saucerman,* 170 Colo. 318, 461 P.2d 18 (1969). However, the record reveals that husband's substantial rights were not affected by the ruling; hence, the error was harmless. *See* C.R. C.P. 61; *Swan v. Zwahlen,* 131 Colo. 184, 280 P.2d 439 (1955). The record further reveals that both parties were treated fairly and that the trial court was not biased or prejudiced against husband.

Husband also asserts that the trial court erred in precluding, as irrelevant, questions which allegedly would have established that wife neglected the child and that, therefore, husband's removal of the child from Georgia was justified. He argues that such evidence would have been relevant in conferring jurisdiction on the trial court under § 14–13–104(1)(c), C.R.S. 1973.

Husband misconstrues the pertinent provisions of the Uniform Child Custody Juris-

diction Act. While such evidence may have been relevant in a determination of whether the trial court had *initial* jurisdiction, it was well within the trial court's discretion to decline to exercise that jurisdiction, *see* § 14–13–108, C.R.S.1973, and the alleged conduct of wife was not material to that determination. For similar reasons, there is no merit to husband's assertion that the trial court failed to inquire into other areas which would confer jurisdiction on that court.

 The trial court properly considered the factors enumerated in § 14–13–108(3), C.R.S.1973. Georgia was the child's home state. *See* § 14–13–103(5), C.R.S.1973; § 14–13–108(3)(a), C.R.S.1973. Furthermore, there is evidence that, until the time he was taken from Georgia, the child had never lived in Colorado, that the child had a home in Georgia, that all his belongings were there, that he was receiving specialized medical care there, and that he was going to nursery school there. Finally, the court found that the exercise of its jurisdiction would contravene one of the Act's purposes, namely, to deter abductions and other unilateral removals of children undertaken to obtain custody awards. *See* §§ 14–13–102(1)(e) and 14–13–108(3)(e), C.R.S.1973. Under these circumstances, the trial court did not abuse its discretion in concluding that Colorado was an inconvenient forum.

## II.

Husband also contends that the court erred in awarding expenses and attorney's fees to wife because the amounts were awarded without any determination as to the reasonableness thereof. We again disagree.

Before a court can award necessary expenses and attorney fees under § 14–13–108(7), C.R.S.1973, a showing should be made that the amounts have been paid or agreed upon and that they are reasonable. *In re Custody of Thomas,* 36 Colo. App. 96, 537 P.2d 1095 (1975). However, with regard to the first award ($499.04 expenses and $1,735.35 attorney fees), hus-

band failed to file any objections to the averred amounts despite the court's order that, in the absence of objections, husband would be required to pay the amounts presented by wife's affidavit. Accordingly, husband cannot complain now about the reasonableness of those amounts.

With regard to the second award of $750 attorney fees, the record indicates that wife had requested more and that, following a hearing, the lesser amount was awarded. Husband has failed to provide this court with a transcript of that hearing as part of the record on appeal. In the absence of such transcript or other matters of record supporting husband's contention, the trial court's award must be presumed to be reasonable and correct. *Cole v. Kyle,* 141 Colo. 492, 348 P.2d 960 (1960).

The orders are affirmed.

BERMAN and TURSI, JJ., concur.