Janet Blair CLARK, Petitioner-Appellant,

v.

James Blair KENDRICK and Evelyn Henle Kendrick, Respondents-Appellees.

No. 82CA1449.

Colorado Court of Appeals, Div. II.

Sept. 22, 1983.

Paul Barber, Colorado Springs, for petitioner-appellant.

Ranson, Thomas, Cook & Livingston, David J. Livingston, Colorado Springs, for respondents-appellees.

SMITH, Judge.

This case arises from dismissal, for lack of jurisdiction, of a petition for child custody filed pursuant to the Uniform Child Custody Jurisdiction Act. We affirm.

No testimony was taken in this case; therefore, the record consists of the pleadings and three exhibits filed in the trial court. Petitioner is the natural mother of the child whose custody is at issue. Petitioner represents that she received custody of her son in a California proceeding in 1970, after termination of her marriage to the son's father. It further appears that in November of 1979 a petition for appointment of guardian of a minor was filed in the superior court of California by the respondents, the child's grandparents. An order appointing the grandparents as guardians of the child was issued by the California court on November 13, 1979.

On August 25, 1982, the petitioner was arrested in Colorado on a felony kidnapping warrant issued by California upon the complaint of the grandparents, for allegedly kidnapping the child. While extradition proceedings were pending, the petitioner filed a petition in the Teller County district court seeking an order awarding her custody of her child under the Uniform Child Custody Jurisdiction Act, § 14–13–101, et seq., C.R.S.1973. At the initial hearing on the petition, the district court expressed its concern with whether it had jurisdiction to proceed, noting that a California court had previously issued letters of guardianship to the grandparents.

The court heard arguments from both the petitioner's counsel and respondents' counsel on the issue of jurisdiction. No testimony, however, was elicited. Three exhibits were filed with the trial court; a "petition for appointment of guardian for a minor," "order appointing guardian of a minor," and "letters of guardianship for a person," all of which appear to have been filed in, or

issued by, the superior court of California. They appear to be certified documents, and no objection was made to their consideration by the district court. After considering the arguments, and examining the exhibits, the court found that it lacked jurisdiction to modify the prior California decree and dismissed the petition.

## I.

■ Petitioner asserts that the trial court erred by ruling solely on the pleadings, which petitioner argues were inadequately framed because of a lack of reasonable notice and an opportunity to be heard in accordance with § 14–13–105, C.R.S.1973.

Section 14–13–105, C.R.S.1973, is inapplicable here. That section requires that reasonable notice and an opportunity to be heard be given to all parties before a custody decree under the Uniform Child Custody Act is entered. A determination by a court that it lacks jurisdiction to entertain a petition for custody under the Act is not a decree such as is contemplated by § 14–13–105, C.R.S.1973. *See* § 14–13–103(4), C.R.S. 1973.

■ Moreover, the plaintiff has the burden, after challenge, of establishing by competent evidence all facts essential to jurisdiction. *Carlson v. District Court,* 116 Colo. 330, 180 P.2d 525 (1947). The petitioner should have been prepared to establish the jurisdiction of the court from which she sought relief at the time she was scheduled to argue her petition. No objection can be heard from the petitioner that she lacked an opportunity to prepare when it was she who originally sought to invoke the jurisdiction of the court.

## II.

■ The petitioner also contends that the trial court erred in finding that it lacked jurisdiction under the Uniform Child Custody Jurisdiction Act to proceed. We disagree.

Section 14–13–115(1), C.R.S.1973, provides as follows:

"If a court of another state has made a custody decree, a court of this state shall not modify that decree unless it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this article or has declined to assume jurisdiction to modify the decree and the court of this state has jurisdiction."

Generally, a guardian is entitled to legal custody of a minor ward. Section 15–14–209, C.R.S.1973; *Brown v. Superior Court,* 16 Cal.2d 593, 107 P.2d 1 (1940). The present petition for custody, therefore, would, if granted, amount to a modification of a custody decree issued by another state.

■ While the petitioner has suggested that there may be grounds for modifying or setting aside the California guardianship decree in California, there is no suggestion that the California court does not now have jurisdiction or that it has declined to assume jurisdiction to modify the decree. Section 14–13–115, C.R.S.1973. *See Browne v. District Court,* 192 Colo. 93, 557 P.2d 384 (1976). In fact, the record indicates that, at the time of trial, kidnapping proceedings had already been initiated in California against petitioner in an effort to return the child to the guardians in California.

When a prior custody decree has been issued by another court, § 14–13–115, C.R.S.1973, applies. Under the terms of this section, the threshold question to be decided is whether the Colorado court has jurisdiction. For such jurisdiction to exist, it must be shown:

(1) that the court which rendered the prior custody decree does not have jurisdiction under jurisdictional prerequisites substantially in accordance with the Colorado version of the Uniform Child Custody Jurisdiction Act, or

(2) that the court which rendered the prior custody decree has declined to assume jurisdiction to modify the decree and

(3) that a court of this state would otherwise have jurisdiction over the matter. *In re Custody of Thomas,* 36 Colo.App. 96, 537 P.2d 1095 (1975); *see Fry v. Ball,* 190 Colo. 128, 544 P.2d 402 (1975). The record before us reveals that no argument was posed or evidence proffered relative to these criteria.

Hence, in accordance with § 14–13–115, C.R.S.1973, the district court properly concluded that it lacked jurisdiction to modify the California custody decree.

Petitioner's other arguments are without merit.

Judgment affirmed.

ENOCH, C.J., and STERNBERG, J., concur.