**In re the Custody of K.R., a Child**

**and Concerning S.E.R. and C.K.M., Petitioners–Appellants,**

**and**

**J.R. and M.E.O., Respondents–Appellees.**

**No. 94CA2009.**

Colorado Court of Appeals,
Div. V.

May 18, 1995.

Stevens, Littman & Biddison, LLC, Andrew C. Littman, Craig A. Weinberg, Boulder, for petitioners-appellants.

Law Firm of Rod Gloria, P.C., Rodrigo S. Gloria, Melanie Marmorstein, Denver, for respondents-appellees.

Daniel E. Lungren, Atty. Gen. of State of California, Stephanie Wald, Supervising Deputy Atty. Gen., San Francisco, CA, for amicus curiae California Dept. of Social Services.

Opinion by Judge KAPELKE.

This action arises from a petition for custody filed by prospective adoptive parents seven days after a California court dismissed their petition for adoption because the biological mother refused to consent to the adoption. The Colorado court determined that it lacked jurisdiction and dismissed the petition for custody. We affirm.

The following findings of fact of the Colorado trial court are undisputed. At the time of the September 1994 order, the biological mother and father of the child were 18 years of age and residents of Colorado. During the pregnancy, the biological mother moved from Colorado to California to live with her

sister. A private adoption was arranged in California. The prospective adoptive parents were, and still are, residents of California. Following the child's birth on December 18, 1993, the prospective adoptive parents took the child home from the hospital. The biological mother returned to Colorado.

Two and one-half months after the child's birth, the biological mother changed her mind about the adoption and so notified the prospective adoptive parents. The parties attempted mediation; however, on April 13, 1994, the biological mother signed a "Refusal to Consent to Adoption" form. The California court held a hearing on the adoption on June 9, 1994, and found that the biological mother had refused to consent to the adoption. Pursuant to a California statute, the court ordered that the "care and custody of the minor" be immediately restored to the biological mother. On June 16, 1994, the prospective adoptive parents filed their petition for custody in the Colorado court.

In dismissing the petition for custody for lack of jurisdiction, the trial court first concluded that the order in the California adoption proceeding was a custody decree, which was entitled to full faith and credit. In addition, based upon the Uniform Child Custody Jurisdiction Act (UCCJA), § 14–13–101, et seq., C.R.S. (1987 Repl.Vol. 6B), the court determined that California was the "home state" of the child and that Colorado therefore did not have custody jurisdiction. The trial court further determined that, even assuming that it had jurisdiction, it would decline to exercise such jurisdiction because it believed that the California court was the more appropriate forum.

Next, the trial court determined that the prospective adoptive parents did not have standing in Colorado to assert a claim for custody. Finally, the court found that the allegations of the petition were insufficient to support a determination that the biological parents were unfit, and therefore, it concluded that the prospective adoptive parents did not have a cognizable right to a "best interests" hearing on custody.

## I.

The prospective adoptive parents first assert that the Colorado court erred in concluding that it lacked jurisdiction to modify custody without examining whether it was in the child's best interests to assume jurisdiction. We are not persuaded.

### A.

The UCCJA was enacted to extend the notion of full faith and credit to child custody decrees, and its provisions seek to limit the exercise of jurisdiction over custody decrees to one state, thereby eliminating the incentive for forum shopping. *L.G. v. People*, 890 P.2d 647 (Colo.1995). Thus, when there is concurrent jurisdiction, only one state should exercise it, and the petitioner has the burden of establishing by competent evidence all facts essential to jurisdiction. *Nistico v. District Court*, 791 P.2d 1128 (Colo.1990).

If jurisdiction is conferred under § 14–13–104, C.R.S. (1987 Repl.Vol. 6B), the court must nevertheless determine whether, under other provisions of the UCCJA, it ought to exercise that jurisdiction. Section 14–13–115, C.R.S. (1987 Repl.Vol. 6B) is applicable to the modification of a custody decree of another state, and it circumscribes the jurisdiction of a Colorado court to modify such decrees. *L.G. v. People, supra*.

### B.

The provisions of the UCCJA are implicated whenever the court makes a "custody determination." Under § 14–13–103(2), C.R.S. (1987 Repl.Vol. 6B), custody determination "means a court decision and court orders and instructions providing for the custody of a child, including visitation rights...." *G.B. v. Arapahoe County Court*, 890 P.2d 1153 (Colo.1995).

Initially, the prospective adoptive parents assert that the California decree dismissing the petition for adoption did not constitute a custody order under the UCCJA. We disagree.

The majority of jurisdictions that have addressed the issue have concluded that adop-

tion proceedings are "custody proceedings" because they inherently determine custody issues. Therefore, the UCCJA and the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C. 1738A (1988), are applicable. *See Souza v. Superior Court,* 193 Cal.App.3d 1304, 238 Cal.Rptr. 892 (1987); *Gainey v. Olivo,* 258 Ga. 640, 373 S.E.2d 4 (1988); *In re Adoption of Baby Girl B.,* 19 Kan.App.2d 283, 867 P.2d 1074 (1994). *See generally* Annot., 78 A.L.R.4th 1028 (1990); 2 H. Clark, *Law of Domestic Relations* §§ 21.3 & 21.12 (2d ed. 1987).

Indeed, a California court has determined that a proceeding to determine withdrawal of consent to an adoption by a birth parent is governed by the UCCJA and the PKPA. *In re Adoption of Zachariah K.,* 6 Cal.App.4th 1025, 8 Cal.Rptr.2d 423 (1992).

In urging that the order in the adoption proceeding was not a "custody determination," the prospective adoptive parents rely on the recent decision of our supreme court in *In re Custody of C.C.R.S.,* 892 P.2d 246 (Colo.1995). However, there is nothing in that opinion which suggests that an adoption order would not constitute a "custody determination" for purposes of the UCCJA and PKPA.

On the other hand, in *G.B. v. Arapahoe County Court, supra,* the supreme court recognized that a "court order providing for the custody of a child" is a "custody determination" for purposes of the UCCJA. The California court's order here, which provided that custody of the child be returned to the biological mother, obviously falls within that definition.

Thus, we conclude that the California court order constituted a custody determination to which the UCCJA applies. Accordingly, the petition for custody filed in this state constituted a request to modify that order, and the provisions of § 14–13–115 limit the Colorado court's authority to enter such custody orders.

## C.

The prospective adoptive parents also assert that it is in the child's best interests that Colorado assume jurisdiction to modify the California order because the child and the biological parents now reside in Colorado and substantial evidence about the child and his family exists in this state.

They argue that, even if dismissal of the petition filed in June 1994 was appropriate, they could simply refile the petition because Colorado is now the child's home state. Thus, they maintain that the Colorado court would be the more appropriate forum to exercise jurisdiction to determine whether it is in the child's best interests to remain in the care of the biological mother. We disagree.

 The determination whether jurisdiction in a custody matter is proper is made by the trial court at the time the relevant motion involving custody is filed. The court must determine whether jurisdiction exists under the UCCJA and, if so, whether such jurisdiction should be exercised. *Barden v. Blau,* 712 P.2d 481 (Colo.1986). Under the UCCJA, a strong presumption arises that the court that entered the decree will continue to have modification jurisdiction until it loses all, or almost all, connection with the child. *In re Adoption of Zachariah K., supra.*

 Thus, under the UCCJA, even if Colorado has become the child's home state, the Colorado court is forbidden to modify a foreign custody decree for as long as the state in which that decree was rendered remains the home of a contestant and retains substantial evidence and significant connection with the child. *In re Clausen,* 442 Mich. 648, 502 N.W.2d 649 (Mich.1993); Coombs, *Nuts & Bolts of the PKPA,* 22 Colo.Law. 2397 (November 1993) (there is a common misconception that the UCCJA allows a court to modify another state's custody decree if the child has been living in a new state for at least six months when the case is filed); Bodenheimer, *Interstate Custody: Initial Jurisdiction and Continuing Jurisdiction under the UCJA,* 14 Fam.L.Q. 203 (1981) (there is a myth that as soon as the child acquires a new home state, the state of the prior decree loses jurisdiction altogether).

 Here, it is undisputed that California was the child's home state at the time the

petition for custody was filed, and therefore, the California court had jurisdiction to make initial and modification decrees concerning child custody. *Cal.Family Code App.* § 5152(a)(1) (West Annot.1994). In addition, California was the state of residence of the prospective adoptive parents and also the state where substantial information concerning all parties was located. Thus, the California court was exercising jurisdiction in accordance with the UCCJA.

▪ Furthermore, even if we assume that, at the time the custody petition was filed, the Colorado court had concurrent jurisdiction under § 14–13–104(1)(b), C.R.S. (1987 Repl.Vol. 6B) (based on significant connection with the state), the Colorado trial court could not "modify" the California custody order unless and until the court had determined whether the California court would continue to exercise modification jurisdiction. *See* § 14–13–115. Moreover, the burden was on the prospective adoptive parents to establish by competent evidence all facts essential to jurisdiction. *Nistico v. District Court, supra; Clark v. Kendrick,* 670 P.2d 32 (Colo. App.1983).

▪ Decree states often retain "significant contact" jurisdiction long after the child has left the state. Goldstein, *The Tragedy of the Interstate Child: A Critical Reexamination of the Uniform Child Custody Jurisdiction Act and the Parental Kidnapping Prevention Act,* 25 U.C. Davis L.Rev. 845 at 896, 936 (1992). The statutory section that the California court here relied upon in ordering that custody be given to the biological mother provides that the court may retain jurisdiction over the child for the purpose of making any order for the child's custody that the court deems to be in the child's best interest. *See Cal.Family Code* § 8804 (West Annot.1994).

Furthermore, California courts generally retain continuing jurisdiction to modify their custody decrees. Indeed, a California court has held that there is no modification jurisdiction under the UCCJA unless there is a loss of jurisdiction or a declination of jurisdiction by the court that rendered the decree. *McArthur v. Superior Court,* 235 Cal. App.3d 1287, 1 Cal.Rptr.2d 296 (1991).

There has been no showing here that the California court has either lost or declined to exercise jurisdiction as to orders concerning the child's custody.

Finally, the prospective adoptive parents here initially invoked the jurisdiction of the California court, and the record does not show that that court would have declined jurisdiction over a custody request or a petition to declare the child free from the custody or control of the biological mother. *See Cal.Family Code* § 7841 (West Annot.1994).

Thus, although the prospective adoptive parents assert that evidence of the child's future care, protection, training, and personal relationship will necessarily be in this state because the child lives here with his biological mother, such an argument is not persuasive in light of § 14–13–115. Accordingly, the prospective adoptive parents have failed to sustain their burden of establishing jurisdiction under the UCCJA, and the trial court properly dismissed the petition. *See In re Custody of Thomas,* 36 Colo.App. 96, 537 P.2d 1095 (1975).

### D.

The prospective adoptive parents also suggest that the trial court was required to communicate with the California court before dismissing the petition for lack of subject matter jurisdiction. We are not persuaded.

▪ Section 14–13–107 does not mandate that a trial court communicate with a foreign court before entering its order declining jurisdiction. Communication with the other court is required only if the trial court is unsure whether to accept jurisdiction and seeks information as to the more appropriate forum. *In re Petition of Edilson,* 637 P.2d 362 (Colo.1981).

### E.

We also find that the PKPA, like the UCCJA, applies to the facts of this case and bars the Colorado court from exercising jurisdiction.

As we have previously determined, the adoption decree issued by the California

court constitutes a custody determination within the meaning of the PKPA because it expressly granted care and custody of the minor child to the biological mother. *See G.B. v. Arapahoe County Court, supra* (county court restraining order constitutes custody determination under the PKPA because it necessarily granted exclusive custody to the mother for the term of the order); *See also In re Adoption of Zachariah K., supra; Souza v. Superior Court, supra; In re Clausen, supra.*

■ Thus, the PKPA also precludes Colorado from exercising jurisdiction here. *See* 28 U.S.C. § 1738A(d) (1988), which provides that:

> The jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of this section continues as long as the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or of any contestant.

Accordingly, the exclusive jurisdiction of the California court continues in this case as long as the prospective adoptive parents, as contestants, remain residents of California. Coombs, *Nuts & Bolts of the PKPA, supra.*

■ Cases interpreting the PKPA have given an expansive interpretation to the continuing exclusive jurisdiction of the courts of the state in which the initial custody order was entered, and mere inactivity in the proceedings in those courts does not establish that jurisdiction no longer exists. Indeed, ongoing activity is not required, as long as that court, under the law of its state, would have jurisdiction over requests for enforcement, modification, and the like. *In re Clausen, supra.*

### II.

The prospective adoptive parents also assert that the trial court erred in concluding that they lacked standing under § 14–10–123(1)(c), C.R.S. (1987 Repl.Vol. 6B). Alternatively, they argue that the trial court's interpretation of § 14–10–123(1)(c) denies them equal protection.

However, inasmuch as we have concluded that the Colorado court lacks subject matter jurisdiction under the UCCJA and PKPA, we decline to address these additional issues.

The judgment is affirmed.

DAVIDSON and ROTHENBERG, JJ., concur.