**In re the MARRIAGE OF Diana L. DICKSON, Appellee,**

and

**Alan R. Kinman, Appellant,**

and Concerning

**El Paso County Child Support Enforcement Unit, Appellee.**

**No. 97CA1824.**

Colorado Court of Appeals, Div. II.

Oct. 29, 1998.

As Modified on Denial of Rehearing Dec. 10, 1998.

Certiorari Denied Sept. 7, 1999.

John L. Maska, Colorado Springs, Colorado, for Appellee Diana Dickson.

Alan R. Kinman, Pro Se.

Law Offices of Donald W. Belveal, Christina K. Eigel, Colorado Springs, Colorado, for Appellee El Paso County Child Support Enforcement Unit.

Opinion by Judge CASEBOLT.

Alan R. Kinman (husband) appeals the permanent orders entered in conjunction with the dissolution of his marriage to Diana L. Dickson (wife). The El Paso County Child Support Enforcement Unit appears concerning child support issues. We affirm in part, reverse in part, and remand for further proceedings.

In 1990, the parties, then residents of California, married in the state of Nevada. In 1992, wife moved to Colorado, bringing with her an orphan child. The parties thereafter petitioned to adopt that child in a California court, and an adoption decree was entered in California on December 28, 1992.

Wife filed her petition for dissolution in a Colorado court in 1994, requesting, among other things, that orders enter concerning the custody and support of the child. Husband signed a waiver and acceptance of service, and specifically consented to the jurisdiction of the court to determine all issues raised in the pleadings.

The parties entered into a separation agreement wherein husband acknowledged the marital relationship and the adoption of the child. However, on August 7, 1995, husband filed a competing petition for dissolution of the marriage in a California court.

Husband then discovered that wife apparently had failed to obtain a written decree of dissolution of a previous marriage in California. Thus, on August 16, 1995, husband filed an amended petition in the California court seeking annulment of the marriage on the ground of fraud and that there was a prior existing marriage. Wife was served with the amended petition. Two months later, in a decree signed on October 16, 1995, the California court granted husband an annulment on those grounds.

In the meantime, wife took steps to cure the technical defect in the dissolution of her prior marriage. Since that dissolution was lacking only a final, written order, wife obtained a written decree dissolving her prior marriage *nunc pro tunc* to 1984. That decree was also signed on October 16, 1995, the same day husband obtained the annulment, but was entered by a different California judge from a different county.

Also in August 1995, husband filed motions in the Colorado court to declare the marriage invalid and to set aside the adoption, on the ground that wife had failed to dissolve her previous marriage before marrying husband.

In 1996, husband filed another action in California requesting that the adoption be set aside, alleging that the orphanage had not consented to the adoption and that the California court had lacked jurisdiction to enter the adoption decree. The two California cases dealing with custody (the annulment of the marriage and the petition to set aside the adoption) were transferred to Colorado pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA), §14–13–101, et seq., C.R.S.1998, and the federal Parental Kidnapping Prevention Act (PKPA), 28 U.S.C. §1738A (1998).

On this and other evidence, the Colorado court determined that it had personal jurisdiction over the parties and concluded that the marriage between them was valid be-

cause wife had cured any defect in her prior dissolution by obtaining a written decree. The marriage was then dissolved, and husband was ordered to pay a portion of wife's attorney fees and costs.

Finding that husband's motion to set aside the adoption was time-barred because of the application of Colorado's statute of limitations, the court affirmed the validity of the adoption. Sole custody of the child was granted to wife, and husband was granted no parenting time at this juncture. Husband was ordered to pay child support, with interest to accrue at the rate of 12% on arrearages.

### I.

■ Husband contends that the Colorado court was bound to recognize the validity of the California annulment and that, therefore it had no jurisdiction to enter a decree of dissolution. We agree.

Under U.S. Const. art. IV, §1, a final judgment of one state must be given full faith and credit in every other state. *Marworth, Inc. v. McGuire,* 810 P.2d 653 (Colo.1991).

Here, the record reveals that on October 16, 1995, a California superior court entered a "judgment of nullity" with respect to the parties' marriage. Wife did not seek to attack that determination based on lack of jurisdiction or other valid grounds for collateral attack. Hence, the full faith and credit clause requires that Colorado courts give that final California judgment full faith and credit. *See Marworth, Inc. v. McGuire, supra.* Therefore, the trial court erred when it failed to do so, and its decree of dissolution entered on October 3, 1997, *nunc pro tunc* to September 5, 1997, must be vacated.

■ However, the trial court nevertheless had jurisdiction to enter orders as to property and maintenance. *See* §14–10–111, C.R.S. 1998 (provisions of Uniform Dissolution of Marriage Act relating to rights of spouses, maintenance, and support and custody of children on dissolution of marriage are applicable to decrees of invalidity of marriage). And, even though the judgment of nullity reserved jurisdiction over child support and custody, that jurisdiction was later properly

transferred to Colorado, as discussed below. *See In re Marriage of Akins,* 932 P.2d 863 (Colo.App.1997)(where only status of marriage was determined in another state, Colorado could still exercise jurisdiction over property, maintenance, and child support). Because husband had submitted to the trial court's jurisdiction, we perceive no error in the court's exercise of jurisdiction over these matters.

### II.

Next, husband contends that the trial court was not the appropriate forum to resolve the attack on the validity of the adoption. We are not persuaded.

### A.

First, we reject husband's argument that the matter should have been heard in the juvenile court because the Children's Code divested the district court of jurisdiction.

■ A claim concerning nullification of an adoption is in the nature of a custody proceeding. *See In re Custody of K.R.,* 897 P.2d 896 (Colo.App.1995).

■ The jurisdictional section of the Children's Code, §19–1–104(4), C.R.S.1998, provides that "nothing in this section shall deprive the district court of jurisdiction ... when the question of legal custody is incidental to the determination of a cause in the district court," unless a petition involving that child has already been filed in the juvenile court, or the juvenile court has previously acquired jurisdiction. *See In re Custody of C.C.R.S.,* 872 P.2d 1337 (Colo.App.1993), *aff'd,* 892 P.2d 246 (Colo.1995)(since no proceedings were ever commenced under the Children's Code for relinquishment or adoption of child, custody proceedings under the Marriage Dissolution Act were not preempted by the provisions of §19–1–104(4)).

Here, no petition was filed in the juvenile court under the Children's Code. Since issues regarding legal custody and adoption of the child were incidental to the determination of the issues presented in the dissolution proceeding, the district court could hear the issue.

### B.

We also reject husband's argument that the trial court erred in accepting jurisdiction over the custody matter, rather than deferring to the California court's jurisdiction.

■ Because both state courts were making "custody determinations," the UCCJA is implicated here. *See* §14–13–103(2), C.R.S. 1998; *In re Custody of K.R., supra.* Custody was at issue in the Colorado petition for dissolution and the California petition for nullification of the adoption, and in its judgment of annulment of the marriage, the California court reserved jurisdiction to determine custody.

Jurisdiction in child custody cases is governed by §14–13–104(1), C.R.S.1998, which provides, *inter alia*, that jurisdiction is proper if Colorado is the child's home state, or if it is in the child's best interests that this state assume jurisdiction, either because the parties have a significant connection to this state, or because another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum. *See Nistico v. District Court*, 791 P.2d 1128 (Colo.1990); *In re Marriage of Tonnessen*, 937 P.2d 863 (Colo.App.1996).

Here, Colorado is properly the child's home state, as the trial court found, and where she maintained significant connections. She has lived with her mother and attended school here for years, and both her guardian ad litem and therapist are here. *See* §§14–13–103(5) & 14–13–104(1)(a) & (b), C.R.S. 1998. Indeed, husband appears to have conceded as much at the 1995 hearing on temporary orders. Furthermore, the California courts in two districts both declined to exercise jurisdiction, which satisfies one of the alternative requirements in §14–13–104(1)(d), C.R.S.1998.

Accordingly, the trial court did not err in exercising jurisdiction over the issue of custody, including questions relating to the validity of the adoption.

### III.

Husband also contends that the trial court erred in applying the Colorado statute of limitations for the annulment of adoptions, rather than the longer period set forth in the California limitation period. We agree.

Conflicts of law between different states as to limitation periods are governed by Colorado's version of the Uniform Conflict of Laws Limitation Act, §13–82–104, C.R.S.1998, which, as pertinent here, provides that:

(1) Except as provided in section 13–82–106, if a claim is substantively based:

(a) Upon the law of one other state, the limitation period of that state applies; or

(b) Upon the law of more than one state, the limitation period of one of those states chosen by the law of conflict of laws of this state applies.

(2) The limitation period of this state applies to all other claims.

■ To determine whether the Colorado or California statute of limitations applies, we must decide which state's substantive law forms the basis of husband's claims. *See Cropp v. Interstate Distributor Co.*, 129 Or. App. 510, 880 P.2d 464 (1994).

■ If only one state's substantive law could form the basis of those claims, we apply that state's statute of limitations. If the claim is substantively based upon the law of more than one state (including Colorado), we apply Colorado's conflict of laws analysis to determine which limitation period applies. In short, the statute requires us to apply the statute of limitations that correspond to the substantive law forming the basis of husband's claims. *See Cropp v. Interstate Distributor Co., supra.*

■ Here, husband filed a motion challenging the validity of the California adoption decree on various grounds, including lack of jurisdiction and fraud in its procurement.

The adoption decree was entered in California and its validity must be determined under California law. *See Marworth, Inc. v. McGuire, supra* (validity and finality of a foreign judgment are determined by the law of the jurisdiction where the judgment was rendered); *see also Estate of O'Dea*, 105 Cal.Rptr. 756, 29 Cal.App.3d 759 (1973) (the status of adoption is determined by the laws of the jurisdiction where the adoption was effected).

■ Therefore, California law forms the basis of husband's claims with respect to the

adoption decree's validity. Accordingly, California's statute of limitations must be applied to those claims, *see Cropp v. Interstate Distributor Co., supra,* and the court erred in applying the Colorado statute of limitations.

Under California law, an action to set aside an order of adoption based on fraud must be commenced within five years after entry of the order. Cal. Fam.Code § 9102 (West 1997). Here, the California adoption decree was entered on December 28, 1992. Husband timely filed in a California court a petition to set aside the adoption based on fraud on May 23, 1996, an action 'which was subsequently transferred to Colorado pursuant to the UCCJA and the PKPA.

Because husband's petition to set aside the adoption was filed within California's five-year limitations period, it is not time-barred. Accordingly, the trial court's determination on this issue cannot stand. On remand, the trial court may consider whether there are other grounds under California law for upholding the adoption, even though husband's petition was not time-barred.

### IV.

■ Husband's next contention is that wife may not rely on principles of estoppel to prevent nullification of the adoption. Whether estoppel is available must be determined under California law, and whether it is applicable depends upon determinations of factual issues. We cannot rule, as a matter of law, that it is inapplicable here. Rather, the trial court must address the issue on remand, after additional fact-finding.

### V.

We reject husband's contentions relating to various alleged abuses of discretion.

■ First, there was no abuse of discretion in ordering 12% interest on husband's child support arrearage. *See* § 14–14–106, C.R.S.1998.

■ Next, the trial court properly required proof that husband was currently paying his preexisting child support obligation for children not of this marriage. Pursuant to § 14–10–115(7)(d), C.R.S.1998, husband is entitled to a deduction in his gross income for purposes of child support only for such amounts as he actually paid. Because husband failed to provide adequate proof, the trial court did not abuse its discretion in ruling that husband would be entitled to the deduction once he supplied the requisite proof.

Husband's remaining contentions concerning alleged abuses of discretion are without merit, as are the balance of his contentions of error.

That part of the judgment determining that the trial court was the appropriate forum to resolve the attack on the validity of the California adoption is affirmed. That part of the judgment determining that the marriage of the parties was valid and decreeing its dissolution is reversed. Hence, on remand, the trial court must vacate the decree of dissolution. That part of the judgment determining that husband's petition to set aside the adoption was time-barred is also reversed, and the cause is remanded for further proceedings consistent with the views set forth in this opinion.

Judge CRISWELL and Judge VOGT concur.