[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, Mary Anne Griffiths, administratrix of Kelley Matthew Griffiths, brings this negligence action against the defendant, Monro Muffler Inc., based on a motor vehicle accident that occurred on September 12, 1998 and resulted in the death of Kelley Matthew Griffiths a passenger in an automobile operated by Richard Totten Jr. The plaintiff alleges that the defendant was negligent for breaching its duty to adequately warn Totten of tire and wheel alignment problems discovered while his car was in for an oil change. The defendant filed this motion for summary judgment on October 3, 2001 on the grounds that (1) there was no duty beyond performing the requested oil change and (2) the defendant CT Page 6426 did provide written notification of the problem on the receipt left in Totten's car.
 -I-
The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury. RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153
(1994). The nature of the duty, and the specific persons to whom it is owed, are determined by the circumstances surrounding the conduct of the individual. Id., 385. The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand and if a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant. RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384-85, 650 A.2d (153) (1994).
It follows that it is first necessary to determine the existence of a duty, and then, if one is found, it is necessary to evaluate the scope of that duty. Maffucci v. Royal Park Ltd. P'ship, 243 Conn. 552, 566,707 A.2d 15 (1998).
The plaintiff alleges that the defendant failed to properly warn Totten about the tires because the defendant did not verbally warn Totten but plaintiff offers no authority which establishes such a duty. Defendant was engaged to perform the requested oil change for which Totten paid $13.99. Totten did not request the defendant to perform any inspection or further services regarding the tires or wheel alignment for which additional charges are ordinarily imposed. The plaintiff fails to cite any authority to support her argument that based on the requested oil change, defendant owed the plaintiff a duty to warn Totten about the tire or wheel alignment problems. Several reported decisions in other jurisdictions hold there is no duty to warn of defects where the risk of danger is apparent to an ordinary person or where that person knows of the danger. Ramacharran v. Carraro Graphic Equipment Inc. 823 F. Sup. 63
(U-S. Dist. Mass. 1993); Campbell v. Burt Toyota Diahatsu —983 P.2d 45 (Colo.App. December 24, 1998).
 -II-
Arguendo, assuming there was a duty to inform Totten of other problems with the car, the defendant appears to have fulfilled the scope of any such duty, leaving no room to raise any material question of fact. Defendant has provided the actual receipt which was left in Totten's car and this receipt plainly furnished sufficient notification of the wheel CT Page 6427 alignment and tire problems and suggested that Totten get new tires for the vehicle. This written notification left in Totten's car because he could not pick up his car before Monroe closed for the day satisfied any duty to inform and under all the circumstances, considering the nature of the problems, required no further notice. Certainly, defendant cannot be held responsible for Totten's failure to read the receipt, or to pick up the car during Monro's work hours.
No public policy considerations have been advanced which favor holding Monro Muffler liable to the plaintiff's estate for the tire problems existing on the decedent's automobiles, even if they were the proximate cause of the accident. "Every injury has ramifying consequences, like the rippling of the waters, without end. The problem for the law is to limit the legal consequences of wrongs to a controllable degree . . . The final step in the duty inquiry, then, is to make a determination of the fundamental policy of the law, as to whether the defendant's responsibility should extend to such results . . ." Lombard v. Edward J.Peters. Jr., P.C., 252 Conn. 623, 626-27, 749 A.2d 630 (2000). To expand the method in which a mechanic must notify the customer of pending tire problems, absent some latent and especially dangerous situations would open the courts to endless claims based on various scenarios. These could involve questions of the extent and content of verbal warnings, the degree of difficulty of physically contacting a customer during the day; the procedures in allowing a customer to pick up his car if no verbal warning could be given; and whether a customer should have to sign the receipt to acknowledge that he has read about any recommended repairs. It is concluded that even if there was a duty to warn, the written warning in this case, considering all the circumstances was sufficient and the defendant cannot be held accountable for the customers failure to read the receipt.
Motion for Summary Judgment granted.
Wagner J., TJR