Gayle KENDALL

v.

Sturgis WHALEN

Supreme Judicial Court of Maine.

Argued April 30, 1987.

Decided May 28, 1987.

---

Joseph B. Lenkowski (orally), Daughan, Kimmel & Lenkowski, Sanford, for plaintiff.

R. Michael Martin (orally), Hobbins & Martin, Saco, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

WATHEN, Justice.

Plaintiff, Gayle Kendall, appeals from an order of the Superior Court (York County) affirming a District Court order modifying visitation rights under a custody decree rendered in 1982. On appeal, plaintiff contends that the District Court lacked subject matter jurisdiction. We find no error and affirm the judgment of the Superior Court.

Plaintiff and defendant, Sturgis Whalen, are the parents of a child, Tamara. Although they never married, plaintiff and defendant lived together for over three years and resided in Maine after October of 1981. In June 1982, plaintiff filed a complaint for custody and support of Tamara in the District Court because she no longer wished to live with defendant. Pursuant to a consent order, plaintiff became the custodial parent and defendant was granted liberal visitation. Both parents and Tamara continued to reside in Maine until October 1984. Since that time, plaintiff and Tamara have resided outside the state.

As of January 1986, neither party had fulfilled the obligations imposed by the consent order. Following motions by both parties, a second order was issued that required defendant to pay child support arrearages and required plaintiff to provide transportation to enable Tamara to visit defendant in March 1986. Plaintiff failed to do so. On June 25, 1986, defendant filed motions for contempt, for temporary custody, and for sole custody. Although it refused to rule on the custody motions, the District Court found plaintiff in contempt and ordered an immediate six-week visitation period for defendant. Plaintiff appealed to the Superior Court contending that the District Court lacked subject matter jurisdiction to issue the order. The Superior Court affirmed the lower court's decision and plaintiff appeals.

Whether the District Court had modification jurisdiction over the custody decree it rendered in 1982 is controlled by Maine's version of the Uniform Child Custody Jurisdiction Act (UCCJA), 19 M.R.S.A. §§ 801–825 (1981). This legislation was designed to promote recognition of foreign custody decrees and to discourage child-snatching by parents in an attempt to gain a favorable forum prior to seeking custody awards. Under the UCCJA, modification jurisdiction is addressed by 19 M.R.S.A. § 815:

**Modification of custody decree of another state**

**1. Limits on modification.** If a court of another state has made a custo-

dy decree, a court of this State shall not modify that decree unless it appears to the court of this State that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this Act or has declined to assume jurisdiction to modify the decree and the court of this State has jurisdiction.

**2. Consideration of proceedings in another state.** If a court of this State is authorized under subsection 1 and section 809 to modify a custody decree of another state, it shall give due consideration to the transcript of the record and other documents of all previous proceedings submitted to it in accordance with section 823.

According to the late Professor Brigitte Bodenheimer, one of the drafters of the UCCJA, this section gives the state that renders the initial decree continuing, exclusive jurisdiction until "the child and all the parties involved have taken up residence in other states." Bodenheimer, *Interstate Custody: Initial Jurisdiction and Continuing Jurisdiction under the UCCJA*, 14 Fam.L.Q. 203, 224 (1980). As long as one party remains in the state of the initial decree and the court record and additional relevant evidence is available there, that state has significant connection jurisdiction

as defined in 19 M.R.S.A. § 804(1)(B).[1] *See, Funk v. Macauley*, 457 N.E.2d 223 (Ind.Ct.App.1983); *Clark v. Atkins*, 489 N.E.2d 90 (Ind.Ct.App.1986). Under the UCCJA, no other state should modify the decree unless the state of the original decree declines to exercise its continuing jurisdiction.

We find the Bodenheimer analysis persuasive. Without such continuing jurisdiction, the purpose of the UCCJA could be easily defeated. In the present case, defendant, Tamara's father, has remained in Maine since the initial decree. The court record remains in Maine along with substantial evidence relevant to the custody of Tamara. We hold that on these facts the District Court has modification jurisdiction over the 1982 custody decree.

The entry is:

Judgment affirmed.

All concurring.

---

1. 19 M.R.S.A. § 804(1)(B) states:

**Grounds for jurisdiction.** A court of this State which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

    It is in the best interest of the child that a court of this State assume jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this State, and there is available in this State substantial evidence concerning the child's present or future care, protection, training and personal relationships.