STATE OF MAINE
CUMBERLAND, SS.

SUPERIOR COURT
DOCKET NO. AP-99-98

*REC. SUM - 6/13/2000*

JOEY BOUDREAUX,                )
                              )
            Appellant,        )
                              )          **DECISION ON APPEAL**
v.                            )
                              )
LAURA YOUNG BOUDREAUX,        )
SANDRA HILL YOUNG,            )
                              )
            Appellees.        )

## FACTUAL BACKGROUND

In October 1994, Plaintiff Joey Boudreaux ("Boudreaux") and Laura Young Boudreaux ("Laura") were divorced by the 32nd Judicial District Court, Parish of Terrebonne, in Louisiana ("Louisiana Court"). The couple had a child, Kimberly Boudreaux, born on July 3, 1992. In an amended judgment dated June 5, 1998 ("Judgment"), the Louisiana Court awarded joint custody of Kimberly to Boudreaux and the child's maternal grandmother, Intervenor Sandra Hill Young ("Young"). Boudreaux was awarded the status of "domiciliary parent." That amended Judgment contained a clause specifying that the Louisiana court "shall retain jurisdiction over the custody of the minor child, regardless of where the child resides."

Joey and Kimberly moved to Maine. Both Young and Laura remained in Louisiana. All the records of the underlying proceedings remained in Louisiana. In a complaint dated March 2, 1999, filed in the District Court of Maine, Joey moved to

modify the substantive provisions of the Judgment's visitation award. On April 28, 1999, Joey filed the Judgment with the Maine District Court as a Foreign Judgment, pursuant to 14 M.R.S.A. §8004. Young moved to dismiss the motion to modify, and the court granted her motion (Eggert, J.), based on lack of jurisdiction. It is from this dismissal that Boudreaux appeals.

## DISCUSSION

The District Court based its decision on lack of jurisdiction under 19-A M.R.S.A. §1715. Jurisdictional questions regarding determinations of child custody are controlled by the Parental Kidnapping Prevention Act ("PKPA"), 28 U.S.C.A. §1738(A)[1], and Maine's version of the Uniform Child Custody Jurisdiction Act ("UCCJA"), once located in 19-A M.R.S.A. §§ 1701-1725. Maine replaced the UCCJA with the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), which is now located in 19-A M.R.S.A. §§1731-1783. Custody motions made prior to the effective date of the UCCJEA, like this one, are to be determined under the UCCJA. See 19-A M.R.S.A. §1783.

19-A M.R.S.A. §1704 provides four grounds for the exercise of jurisdiction to make and modify custody determinations. These grounds are broad. In fact, if §1704 were the only controlling statutory section involved in this case, the Maine courts would likely have jurisdiction over Kimberly's custody. See Section 1704(1)(A-B).

---

[1] If there is a conflict between the UCCJA and the PKPA, the PKPA controls. See Barclay v. Eckert, 2000 ME 10, ¶8, 743 A.2d 1259, 1262. There seems to be no conflict in this case. See 28 U.S.C. 1738(f) (court may modify custody decree issued by another state if the modifying state has jurisdiction and the original state does not or has declined to exercise it).

However, §1704 is limited by §1715(1), which applies as a threshold to jurisdiction in cases where a foreign court originally issued a custody decree. It provides:

> **Limits on modification.** If a court of another state has made a custody decree, a court of this State may not modify that decree unless it appears to the court of this State that the court that rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this chapter or has declined to assume jurisdiction to modify the decree and the court of this State has jurisdiction.

Therefore, there are only two ways the Maine courts have jurisdiction: if Louisiana does not have jurisdiction, or if Louisiana has declined to assert jurisdiction. See Richardson v. Richardson, 644 A.2d 472, 474 (Me. 1994) (framing the inquiry but decided under PKPA). The Louisiana statute conferring jurisdiction is almost exactly the same as Maine's §1704. See LA. REV. STAT. ANN. § 13:1702. It provides four grounds upon which Louisiana courts may exercise jurisdiction. The one most relevant here is in §13:1702(A)(2), which is the Louisiana version of §1704(1)(B). It provides that jurisdiction is available if

> It is in the best interest of the child that a [Louisiana court] assume jurisdiction because (i) the child and the child's parents, or the child and at least one *contestant*, have a significant connection with [Louisiana] and (ii) there is available in [Louisiana] substantial evidence concerning the child's present or future care, protection, training and personal relationships. (emphasis added)

Section 13:1702(C) provides that "physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody." The Law Court has interpreted the requirements of 19-A M.R.S.A. 1704(1)(B) (Maine's

equivalent of Louisiana's section 13:1702(A)(2)) broadly[2]. In Kendall v. Whalen, 526 A.2d 588, 590 (Me. 1987), the court stated that "as long as one party remains in the state of the initial decree and the court record and additional relevant evidence is available there, that state has significant connection jurisdiction." "Connection jurisdiction" is the type of jurisdiction granted by 1704(1)(B).

Recently, the Law Court decided in Barclay v. Eckert, 2000 ME 10, ¶8, 743 A.2d 1259, 1262, that where Maine exercised original jurisdiction on a custody order, Colorado could not exercise modification jurisdiction. The Law Court held that once Maine properly assumed original jurisdiction of the custody determination, "it retains jurisdiction as long as one parent continues to reside here and the children's contact with Maine continues to be more than slight." Barclay, 2000 ME 10, ¶10 & n.4, citing In re the Custody of K.R., 897 P.2d 896, 900 (Colo. Ct. App. 1995) ("even if Colorado has become the child's home state, the Colorado court is forbidden to modify a foreign custody decree for as long as the state in which that decree was rendered remains the home of the *contestant* and retains substantial evidence and significant connection with the child"). Boudreaux has presented no principled basis for this court to distinguish the reasoning in Barclay from his situation. Young, by opposing Boudreaux's motion to modify Kimberly's custody, is a "contestant" under the meaning of the statute. It is immaterial that Young is not a

---

2 In Kendall v. Whalen, 526 A.2d 588, 590 (Me. 1987), the Law Court cited a commentary by one of the UCCJA drafters, which provides that the state issuing the original custody order has exclusive jurisdiction to modify its judgment "until the child and all the parties involved have taken up residence in other states." The reasoning behind the UCCJA is to "discourage child-snatching by parents in an attempt to gain a favorable forum prior to seeking custody awards." Id. at 589.

parent of Kimberly. Because both Young and Laura, as well as all the evidence and documentation used to decide the original custody determination remain in Louisiana, Louisiana still has "connection jurisdiction" pursuant to §13:1702.

Furthermore, it appears that Louisiana has not "declined to assume jurisdiction." The Louisiana court specifically reserved jurisdiction in the Judgment. Boudreaux has presented no evidence that the Louisiana court has otherwise declined jurisdiction. Because the Louisiana court continues to have connection jurisdiction over the determination of Kimberly's custody, and has not expressly declined to exercise that jurisdiction, the District Court's decision was correct and must be affirmed.

Boudreaux also contends that the District Court was in error when it refused to allow his testimony at the hearing on the motion to dismiss. In his appellate brief, Boudreaux contends that he would have testified as to Kimberly's lack of connection with Louisiana, her contacts with the State of Maine, and her best interest as served in Maine. In light of the discussion above, Judge Eggert was correct in ruling that such testimony "[is] not necessary." Boudreaux's testimony would have been relevant to show the propriety of original jurisdiction in Maine, but as discussed, original jurisdiction was not the relevant issue. See Barclay, 2000 ME 10, ¶10 n.4, 743 A.2d at 1262-63.

The entry is

Appellant Boudreaux's Appeal is DENIED.

5

Dated:     June 12, 2000

_____
Robert E. Crowley
Justice, Superior Court

6

Date Filed __11-02-99__  CUMBERLAND  Docket No. __AP 99-98__

County

Action __APPEAL FROM DISTRICT COURT__

JOEY J. BOUDREAUX

LAURA YOUNG BOUDREAUX &
SANDRA HILL YOUNG (Intervenor)

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| RICHARD ROMANOW  ESQ  772-7883<br>45 EXCHANGE ST., SUITE 303<br>PORTLAND ME 04101 | HAROLD N. SKELTON ESQ  784-3200  (INT)<br>PO BOX 3200, AUBURN ME 04212 |

| Date of Entry | |
|---|---|
| 1999<br>Nov. 04 | Received 11-02-99:<br>Plaintiff's Notice of Appeal to Superior Court filed.<br>All paperwork received from 9th District Court, Division of Southern Cumberland (POR- FM- 99-460). |
| Nov. 5 | On 11-5-99.<br>Briefing schedule mailed. Appellant's brief due 12-13-99. |
| Dec. 14 | Received 12/13/99:<br>Request for Extension of Time to File Appellate Brief filed. |
| Dec. 20 | Received 12.17.99:<br>Intervenor, Sandra Hill Young's opposition to appellant's request for Extension of time to file appellate brief filed. |
| Dec. 28 | Received 12.27.99:<br>Appellant's Brief filed. |
| 2000<br>Jan. 12: | On 1-11-00.<br>As to Plaintiff's Request for Extension of Time to File Appellate's Brief:<br>Motion granted. (Crowley, J.)<br>Copies mailed Richard Romanow, Esq. and Harold Skelton, Esq. on 1-12-00. |
| Jan. 27 | Received 01/26/00:<br>Appellee's Brief filed. |
| May 3 | On 5-2-00.<br>Oral Argument held.<br>Court takes matter under advisement.<br>Crowley, J. Presiding, no court reporter, Richard Romanow, Esq. for Appellant and Harold Skelton, Esq. for Appellee. |