802 So.2d 1173 (2001)
Donald GALLOWAY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-959.
District Court of Appeal of Florida, First District.
December 19, 2001.
*1174 Appellant, pro se.
Robert A. Butterworth, Attorney General, and Sherri T. Rollison, Assistant Attorney General, Tallahassee, for appellee.
WOLF, J.
Appellant, who was convicted in 1979 along with two co-defendants of two counts of robbery and one count of sexual battery, challenges an order denying his motion for postconviction deoxyribonucleic acid (DNA) testing. During the pendency of this appeal, the Florida Supreme Court adopted rule 3.853 of the Florida Rules of Criminal Procedure, which provides the procedure for obtaining postconviction DNA testing under new legislation authorizing such testing in criminal cases. See Amendment to Florida Rules of Criminal Procedure Creating Rule 3.853 (DNA Testing), Amendment to Florida Rules of Appellate Procedure 9.140 & 9.141, 26 Fla. L. Weekly S687, ___ So.2d ___, 2001 WL 1276878 (Fla. Oct. 18, 2001). We have considered appellant's motion in light of the requirements of the new rule. See Lockheed Space Operations v. Pham, 600 So.2d 1261, 1264 (Fla. 1st DCA 1992)(Ervin, J., concurring)(quoting Turner v. United States, 410 F.2d 837, 842 (5th Cir. 1969) for the proposition that "changes in... law relating only to procedure or remedy are usually held immediately applicable to pending cases, including those on appeal from a lower court"); see also Rothermel v. Florida Parole & Probation Comm'n, 441 So.2d 663, 665 (Fla. 1st DCA 1983) (same). Nevertheless, we affirm as the allegations contained in appellant's motion are legally insufficient to support granting postconviction DNA testing in his case.
Rule 3.853 of the Florida Rules of Criminal Procedure requires motions for postconviction DNA testing to be under oath and include
(1) a statement of the facts relied on in support of the motion, including a description of the physical evidence containing DNA to be tested and, if known, the present location or last known location of the evidence and how it originally was obtained;
(2) a statement that the evidence was not tested previously for DNA, or a *1175 statement that the results of previous DNA testing were inconclusive and that subsequent scientific developments in DNA testing techniques likely would produce a definitive result;
(3) a statement that the movant is innocent and how the DNA testing requested by the motion will exonerate the movant of the crime for which the movant was sentenced, or a statement how the DNA testing will mitigate the sentence received by the movant for that crime;
(4) a statement that identification of the movant is a genuinely disputed issue in the case and why it is an issue or an explanation of how the DNA evidence would either exonerate the defendant or mitigate the sentence that the movant received; [and]
(5) a statement of any other facts relevant to the motion....
Amendment, 26 Fla. L. Weekly at S688, ___ So.2d ___. Appellant's motion was under oath and included a description of the physical evidence to be tested, its last known location, and how the evidence had been originally obtained; a statement that the evidence had not previously been tested for DNA; a statement that identification of appellant was a genuinely disputed issue at trial; and a statement that appellant was innocent of the crimes for which he was convicted. However, the allegations included in appellant's motion do not sufficiently state "how the DNA testing requested by the motion will exonerate [appellant] of the crime" for which he is currently in prison. See id.
To exonerate means "to free from a charge or the imputation of guilt; declare or prove blameless; exculpate." Webster's New World Dictionary 477 (3d ed.1988). Black's Law Dictionary 597 (7th ed.1999) defines "exonerate" to mean "to free from responsibility." Appellant merely alleged in his motion that his DNA would not match DNA evidence found at the scene of the crimes and on the body of the victim of the sexual battery. Even if DNA testing of this evidence produced such a result, it would not exonerate appellant. Such evidence would not demonstrate that appellant was not present at the scene of the crime and participating with his co-defendants in the commission of the crimes when they occurred. The fact that only appellant's co-defendants may have deposited DNA at the crime scene or on the body of the victim does not mean that appellant was not there. See People v. Pugh, 732 N.Y.S.2d 673, 2001 WL 1426324, at *1 (N.Y.App.Div. Nov.15, 2001)(upholding denial of postconviction DNA testing in single assailant rape case on grounds that "the absence of defendant's semen on the tested material ... would not have exonerated or tended to exonerate defendant").
Because the allegations in appellant's motion are legally insufficient to support the granting of postconviction DNA testing in his case even in light of the requirements of new Rule 3.853 of the Florida Rules of Criminal Procedure, we affirm.
MINER and WEBSTER, JJ., concur.