924 So.2d 82 (2006)
Richard B. STAATS, Appellant,
v.
Noel E. McKINNON, f/k/a Noel E. Staats, Appellee.
No. 1D05-4248.
District Court of Appeal of Florida, First District.
February 27, 2006.
Rehearing Denied March 28, 2006.
James C. Banks of the Law Office of Banks & Morris, P.A., Tallahassee, for Appellant.
Kristin Adamson of Novey, Mendelson & Adamson, Tallahassee, for Appellee.
ERVIN, J.
This is an appeal from a post-dissolution judgment order which granted the motion of Noel E. McKinnon, former wife, to enforce the mandate of the First District Court of Appeal, following its decision reversing a prior order of the trial court that had granted the motion of appellant Richard B. Staats, former husband, to modify the judgment of dissolution by granting him primary residential custody of the parties' minor child. See McKinnon v. Staats, 899 So.2d 357 (Fla. 1st DCA 2005). *83 Appellant argues the trial court was without jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), sections 61.501 through 61.542, Florida Statutes, to enter the order for the reason that neither the child nor its parents had any connection with the state of Florida for a period of time in excess of two years before its entry. Because we conclude the trial court retained jurisdiction to enforce a custody order initially entered in Florida, we affirm.
The judgment of dissolution, entered in 2000 in Bay County, Florida, granted the former wife primary residential custody of the child. In 2002, the father filed a petition for modification of custody and sought to relocate the child with him to Tennessee. The mother remarried, and in 2002 obtained judicial permission to move with the child to Massachusetts. In June 2004, a judgment was entered granting the father's petition for modification of custody. Although the mother appealed from the judgment, she complied with its terms by allowing the child to reside with the father in Tennessee. Thus, the child has resided in Tennessee since June 2004. Subsequently, in March 2005, the First District Court of Appeal reversed the judgment of modification, concluding that the record did not establish a substantial change in circumstances warranting a post-dissolution change in custody.
Instead of complying with the mandate of this court, which issued on May 13, 2005, or seeking further review within the Florida courts, the former husband responded by petitioning the Tennessee trial court on May 20, 2005, for an order granting him temporary and permanent change in residential possession of the child, asserting that Tennessee had become the child's home state because she had been residing with him there for the prior year, during the pendency of the appeal in Florida. The former husband's resort to judicial relief in Tennessee resulted in a number of conflicting orders in both the Tennessee and Florida trial courts.
The Tennessee court initially entered a restraining order preventing the mother from removing the child from Tennessee, other than for the purpose of standard visitation. The mother then moved the Tennessee court to dissolve the temporary restraining order, contending that the court was without jurisdiction to so act, and she filed in Florida an emergency motion seeking enforcement of the First District Court of Appeal's mandate. The Florida trial court entered an order granting the motion, noting that the father had primary custody of the child in Tennessee as the result of the Florida court's 2004 judgment modifying child custody, and, as the appellate court had reversed the order of modification, the father's rights to custody were set aside, returning the parties to the status quo as it existed before the entry of the judgment of modification. Meanwhile, in Tennessee, following the entry of a show-cause order directing the former wife to show cause why residential custody of the child should not be returned to the father, the court, after consulting with the Florida trial court,[1] determined that it had jurisdiction and that the father should continue as the primary residential custodian of the child, based on the fact that the minor child had resided in Tennessee for more than one year, making Tennessee the home state of the child. In August 2005, the Florida trial court entered *84 the order enforcing custody, which is the subject of this appeal.
Initially, we note that both Florida and Tennessee have adopted the UCCJEA, which, among other things, was designed to "[p]romote cooperation with the courts of other states to the end that a custody decree is rendered in the state that can best decide the case in the interest of the child," section 61.502(2), Florida Statutes, and section 36-6-202(2), Tennessee Code Annotated, and to "[f]acilitate the enforcement of custody decrees of other states," section 61.502(6), Florida Statutes; section 36-6-202(6), Tennessee Code Annotated. We surmise that the trial courts in Florida and Tennessee arrived at their conflicting decisions by fixing on different provisions of the Act. The Tennessee court's decision was apparently influenced by the portion of the UCCJEA pertaining to the court's jurisdiction to modify a custody determination, based on its conclusion that the child and its parents no longer resided in Florida, see section 61.516, Florida Statutes; section 36-6-216, Tennessee Code Annotated, and that Tennessee had become the child's home state because of the child's residence there for more than six months preceding the commencement of the proceeding. See § 61.514, Fla. Stat.; Tenn.Code Ann. § 36-6-216. The Florida court ostensibly relied on the enforcement provisions of the act, sections 61.519 and 61.530, Florida Statutes, in concluding that it retained jurisdiction to enforce its orders.
In our judgment, although simultaneous proceedings were being conducted in both Tennessee and Florida, the Tennessee court failed to heed the portion of the UCCJEA governing the conduct of such proceedings. Section 61.519(1), relating to the course of action to be followed by a court in which a modification of custody petition has been filed, under circumstances in which a custody proceeding in another state is then in progress, provides:
Except as otherwise provided in s. 61.517,[[2]] a court of this state may not exercise its jurisdiction under ss. 61.514-61.524 if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child had been commenced in a court of another state having jurisdiction substantially in conformity with this part, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum under s. 61.520.
(Emphasis added.) See also Tenn.Code Ann. § 36-6-221(a).
Because the Tennessee court exercised its jurisdiction in a modification of custody proceeding brought pursuant to section 61.516, Florida Statutes (section 36-6-216, Tennessee Code Annotated), it apparently overlooked the provisions of section 61.519(1), and section 36-6-221(a) of the Tennessee Code, explicitly precluding it from assuming such authority in that a separate proceeding had previously been commenced in Florida relating to custody of the child, and that proceeding had not yet terminated. Section 61.519(3) provides three alternatives to the court considering a petition to modify a child custody if an enforcement proceeding was commenced in another state: (1) to stay the proceeding before it; (2) to enjoin the parties from continuing with enforcement; and (3) to proceed with modification, which was the option the Tennessee court selected.
In our judgment, the provisions of section 61.519 should be considered in pari materia with those of section 61.530, also *85 relating to simultaneous proceedings,[3] and it permits the court in which a proceeding for enforcement is conducted to communicate with a court of another state having jurisdiction to modify a custody determination. Section 61.530 (section 36-6-231 of the Tennessee Code) specifically provides: "The proceeding for enforcement continues unless the enforcing court, after consultation with the modifying court, stays or dismisses the proceeding." This statute clearly confers greater discretion on the enforcing court to proceed with enforcement of a custody order than section 61.519 allows a court in another state in its consideration of a motion to modify. In the case at bar, the Florida trial court refused to stay or dismiss the proceeding before it. We conclude the lower court acted appropriately under the UCCJEA, by facilitating the enforcement of a custody decree in the state of Florida. See § 61.502(6), Fla. Stat.
Similar to the UCCJEA, which became effective in Florida on October 1, 2002, see chapter 65, section 5, Laws of Florida, the Uniform Child Custody Jurisdiction Act (UCCJA), which was enacted before the UCCJEA, "was designed to bring order out of the chaos that once marked interstate custody disputes when the courts of different states claimed authority to issue contradictory custody orders." Yurgel v. Yurgel, 572 So.2d 1327, 1329-30 (Fla.1990). The court continued that under Florida law "a court has inherent continuing jurisdiction over its own custody decrees." Id. at 1330. In Lamon v. Rewis, 592 So.2d 1223, 1225 (Fla. 1st DCA 1992), this court applied the Yurgel analysis for the purpose of resolving which of two states had jurisdiction to determine the custody of a minor child, and it concluded in the following terms:
Only the court in the state where the initial custody order was entered should evaluate the contacts between the child and the states involved in determining whether the initial state should relinquish jurisdiction. Yurgel, supra at 1332. Petitions to modify a decree should be addressed to the court which rendered the original decree even if a second state has become the "home state" of a child. Hamill v. Bower, 487 So.2d 345 (Fla. 1st DCA 1986). A second state may only exercise jurisdiction where the court of continuing jurisdiction (court where original custody order was rendered) expressly determines that its exercise of jurisdiction is no longer appropriate or where virtually all contacts with the state of continuing jurisdiction have ceased. Yurgel, supra at 1332.
In the present case, although the record is clear that the child and her parents do not have significant contacts with the state of Florida, nevertheless, pursuant to the analysis applied in Yurgel and Lamon, Florida is the state where the initial custody order was entered at a time when all parties resided in the state; it was the state where the custody modification was entered, and where the modification order was reversed. Moreover, the only reason the child was in the state of Tennessee at the time the modification proceeding there commenced was because, as the lower court observed, the mother had complied with an order of the Florida court granting change of custody from the mother to the father. The record further reflects that the Tennessee court conferred twice with the Florida trial court concerning the issue of jurisdiction, resulting in the Florida trial court concluding that Florida had continuing jurisdiction, which conclusion was supported by appropriate reasons in accordance *86 with Florida law. See Chaddick v. Monopoli, 714 So.2d 1007, 1012 (Fla.1998) (requiring that a Florida judge set forth his or her reasons for the finding that a sister court was not exercising its jurisdiction in conformity with the Uniform Act).
Finally, it appears from our review of Tennessee case law interpreting its own version of the UCCJA that the Tennessee trial court erred in accepting jurisdiction over the custody issue during the continuation of enforcement proceedings in the state of Florida. In Brown v. Brown, 847 S.W.2d 496 (Tenn.1993), the Tennessee Supreme Court noted that "the statutes require a court to decline jurisdiction `to modify a custody decree of another state if the petitioner, without consent of the person entitled to custody, has improperly removed the child from the physical custody of the person entitled to custody or has improperly retained the child after a visit or other temporary relinquishment of physical custody.' Tenn.Code Ann. § 36-6-209[.]" Id. at 502 (emphasis modified).
AFFIRMED.
DAVIS and LEWIS, JJ., concur.
NOTES
[1] The consultation was carried out pursuant to the terms of the UCCJEA authorizing, during simultaneous proceedings, the enforcing court to confer with the court of another jurisdiction considering a motion to modify a custody determination. See § 61.530, Fla. Stat.; Tenn.Code Ann. § 36-6-236.
[2] Section 61.517 is not pertinent to this appeal because it applies to a court's temporary emergency jurisdiction under circumstances different from those here involved.
[3] The comparable provisions of the Tennessee Code are sections 36-6-221(a) and 36-6-231.