ROTHENBERG, J.
 

 Chantal Marie Therese Karam (“the Wife”) petitions this Court for a writ of certiorari, seeking to quash the trial court’s order granting Jean-Jacques Joseph Karam’s (“the Husband”) verified motion to dismiss the custody portion of the Wife’s petition for dissolution of marriage. We grant the petition.
 

 The parties were married in 1986 in the French Republic of Guadeloupe. The parties have three children, two of whom are still minors. The parties and children are French nationals, and they lived in Guadeloupe until 2005. In early 2005, the parties and their children entered the United States via a term-limited investor’s visa issued to the Husband, with the children and Wife listed as the Husband’s dependents. The Husband created a Florida corporation and opened a retail store in Miami, and the parties purchased a $1.2 million home in Pinecrest, obtained insurance for their Pinecrest home and cars, and obtained Florida driver’s licenses. Additionally, the Wife obtained a United States social security card, obtained health insurance for the children, the children started school in Miami, and the parties placed their home in Guadeloupe for sale. Although residing in Miami since 2005, the parties and children have spent holidays and summers in France, and they have continuously maintained a residence, bank accounts, vehicles, and numerous businesses in Guadeloupe, including the Wife’s clothing store in Guadeloupe which she continued to manage. In 2007, the Husband opened a second retail store in Miami, signing a five-year lease.
 
 [1]
 

 On August 14, 2007, the Husband filed a petition for divorce in Guadeloupe. The Wife, who was not served with a copy of the Husband’s petition and was unaware that one had been filed in Guadeloupe, filed a petition for dissolution of marriage in Miami-Dade County on September 5, 2007. Both petitions raise issues relating to the custody of the children. In the Wife’s petition, she asserts that she has been a resident of Miami-Dade County for more than six months prior to the filing of her petition, the children reside with her in Miami-Dade County and attend school in Miami-Dade County, and during the summers, the children reside with her in Guadeloupe.
 

 In November 2007, the Husband filed a verified motion to dismiss the child custody portion of the Wife’s petition for disso
 
 *89
 
 lution of marriage, challenging the Florida trial court’s jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (“UCCJEA”), sections 61.501-.542, Florida Statutes (2007). The Husband claimed that the French trial court had priority, and that the French court would be conducting a temporary relief hearing on December 6, 2007. The motion further asserted that the children’s primary residence was in Guadeloupe; any commercial activity in the United States was merely an extension of a business he maintained in France; the Husband was winding down his commercial activity in the United States; and the parties’ stay in Miami was temporary to allow the children to attend school in the United States and learn English.
 

 On December 6, 2007, before the trial court in Miami had an opportunity to rule on the Husband’s motion to dismiss and determine jurisdiction under the UC-CJEA, the French trial court conducted a temporary relief hearing. Although the Wife was served with notice of the French court proceeding, she failed to appear. Thereafter, on December 14, 2007, the French trial court entered an order finding that the “children’s residence is determined to be the father’s residence,” and ordered that the children return to Guadeloupe to reside with the Husband. The French court’s conclusion was based upon its finding that the “usual and permanent centre of [the children’s] interest” was and had always been in France, their stay in Florida (for over two years with them mother) was “purely a linguistic and cultural enrichment,” and that the petition was filed in the French court before one was filed by the Wife in the “American” court.
 

 The Wife filed two separate appeals from the French trial court’s order. In the first appeal she sought a stay of the order, and in the second, she sought review of the decision. On January 30, 2008, a hearing was conducted before the French appellate court, and as permitted by applicable French law, the parties presented evidence and testimony at the appellate proceeding. On February 20, 2008, the French appellate court entered an order denying the Wife’s request for a stay and ordering that the December 14th order be effectuated immediately. At the time of the filing of this appeal, the French appellate court had not ruled on the Wife’s second appeal.
 

 Following a hearing, the Florida trial court entered an order dismissing the custody portion of the Wife’s petition for dissolution of marriage, finding, in part, that the facts and arguments presented to it were essentially the same facts and arguments presented to the French appellate court; the Wife should not be permitted to re-litigate the custody issue in Florida; under the UCCJEA, the French courts’ orders constitute the initial custody determination; the French courts exercised jurisdiction in substantial conformity with the UCCJEA; the French courts’ determinations were made under factual circumstances meeting the jurisdictional standards of the UCCJEA; and although the family has primarily resided in Florida since 2005, the Wife failed to demonstrate that the parties’ stay in Florida was anything other than temporary and transitory. The Wife’s petition for writ of certiorari followed.
 

 To grant a petition for writ of cer-tiorari, this Court must find that the order under review is “(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal.”
 
 Reeves v. Fleetwood Homes of Fla., Inc.,
 
 889 So.2d 812, 822 (Fla.2004) (quoting
 
 Bd. of Regents v.
 
 
 *90
 

 Snyder,
 
 826 So.2d 382, 387 (Fla. 2d DCA 2002)). As we find that the order dismissing the custody portion of Wife’s petition for dissolution of marriage satisfies this standard, we grant the Wife’s petition for writ of certiorari and quash the order.
 

 One of the stated purposes of the UCCJEA is to “[a]void jurisdictional competition and conflict with courts of other states in matters of child custody.” § 61.502(1). Under the UCCJEA, a foreign country is treated “as if it were a state of the United States” for purposes of applying sections 61.501-.523 of the UC-CJEA. § 61.506(1). A Florida court has jurisdiction to make an initial child custody determination if Florida “is the home state of the child on the date of the commencement of the proceeding,” § 61.514(l)(a).
 
 [2]
 
 “Home state” is defined in relevant part as “the state in which a child lived with a parent or person acting as a parent for at least 6 consecutive months immediately before the commencement of a child custody proceeding.... A period of temporary absence of any of the mentioned persons is part of the period.” § 61.503(7). The UC-CJEA is a “jurisdictional act which controls custody disputes. It does not deal with priority of dissolution actions.”
 
 Arjo-na v. Torres,
 
 941 So.2d 451, 454 (Fla. 3d DCA 2006) (emphasis • omitted). Under the UCCJEA, jurisdictional priority lies in the child’s home state.
 
 See Arjona,
 
 941 So.2d at 455.
 

 Although it appears that Florida is the children’s “home state,” section 61.519, prohibits Florida from exercising its jurisdiction under section 61.514 if a proceeding concerning the custody of a child has already commenced in another state having jurisdiction in substantial conformity with section 61.514. Section 61.519, titled “Simultaneous proceedings,” provides in relevant part:
 

 (1) [A] court of this state may not exercise its jurisdiction under ss. 61.514-61.524 if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child had been commenced in a court of another state having jurisdiction substantially in
 
 *91
 
 conformity with this part, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum under s. 61.520.
 

 In the instant case, the record dearly demonstrates that when the Wife commenced her proceeding in Florida, “a proceeding concerning the custody of the children] had been commenced” in Guadeloupe, and that the French proceeding had not been terminated or stayed. Thus, if the French trial court exercised its jurisdiction “substantially in conformity” with the UCCJEA, the Florida trial court may not exercise its jurisdiction.
 

 In granting the Husband’s motion to dismiss, the Florida trial court found that the French trial court exercised its jurisdiction in substantial conformity with the UCCJEA. We conclude that this finding is a departure from the essential requirements of the law.
 

 The French court did not exercise its jurisdiction in substantial conformity with the UCCJEA because the UCCJEA focuses on where the children were living prior to the filing of the Husband’s petition for divorce. Under the UCCJEA, jurisdiction is based upon the “home state” of the children, and the UCCJEA defines “home state” as where the children were residing for at least six months prior to the filing of the petition. Rather than focusing on where the children had been residing prior to the Husband filing his petition, the French court focused on the location of the children’s “usual and permanent centre of interest.” The Florida trial court equated the French court’s jurisdictional standard of “usual and permanent centre of interest” with the UCCJEA’s “home state” jurisdictional standard. These two standards, however, are not synonymous. Even if Guadeloupe is the children’s “usual and permanent centre of interest,” the record is clear that the children did not reside in Guadeloupe for six continuous months preceding the filing of the Husband’s petition. Thus, the French trial court did not exercise its jurisdiction over the Husband’s child custody proceeding in substantial conformity with the UCCJEA, and, contrary to the Florida trial court’s conclusion, the Florida trial court could have, and should have, exercised its jurisdiction over the child custody portion of the Wife’s petition.
 

 Because the Florida trial court erroneously found that the French court exercised its jurisdiction in substantial conformity with the UCCJEA, the dismissal of the custody portion of the Wife’s petition amounts to a departure from the essential requirements of the law. In addition, we conclude that the injury caused by the departure is material, and cannot be corrected on postjudgment appeal. Accordingly, we grant the petition for writ of certiorari and quash the order under review.
 

 Petition granted; order quashed.
 

 [1]
 

 . The Husband closed this establishment after filing his petition for divorce.
 

 [2]
 

 . Section 61.514 provides:
 

 (1)Except as otherwise provided in s. 61.517, a court of this state has jurisdiction to make an initial child custody determination only if:
 

 (a) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within 6 months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
 

 (b) A court of another state does not have jurisdiction under paragraph (a), or a court of the home state of the child has declined to exercise jurisdiction on the grounds that this state is the more appropriate forum under s. 61.520 or s. 61.521, and:
 

 1. The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and
 

 2. Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships;
 

 (c) All courts having jurisdiction under paragraph (a) or paragraph (b) have declined to exercise jurisdiction on the grounds that a courL of this state is the more appropriate forum to determine the custody of the child under s. 61.520 or s. 61.521; or
 

 (d) No court of any other state would have jurisdiction under the criteria specified in paragraph (a), paragraph (b), or paragraph (c).
 

 (2) Subsection (1) is the exclusive jurisdictional basis for making a child custody determination by a court of this state.
 

 (3) Physical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child custody determination.