THOMAS, J.
 

 Appellant challenges the summary denial of his motion for postconviction DNA testing filed pursuant to Florida Rule of Criminal Procedure 3.853. We affirm in part, and reverse in part.
 

 Appellant, who was convicted of first-degree murder, seeks DNA testing of two items. He first requests testing of a folding knife belonging to the deceased victim, asserting that the victim attacked and cut him with the knife. He claims that his DNA will be found on the knife, thereby supporting his claim of self-defense. Second, Appellant requests DNA testing of the butt of a shotgun he owned. He asserts that when the victim attacked him with the knife, he attempted to fight the victim off by hitting him on the head with the shotgun. Appellant alleges that both the victim’s and Appellant’s DNA will be found on the butt of the shotgun, also supporting his claim of self-defense.
 

 The trial court denied Appellant’s motion as facially insufficient, noting that Appellant’s own admissions demonstrate that identity was not at issue. This court has noted, however, that “testing [pursuant to rule 3.853] may be available even if the defendant does not deny commission of the act alleged to be a crime.”
 
 Crow v. State,
 
 866 So.2d 1257, 1260 (Fla. 1st DCA 2004). Because Appellant’s motion is facially sufficient as it relates to the knife, we reverse the denial of Appellant’s request for DNA testing of the knife for the trial court to “take any action authorized by 3.853(c) to determine whether the allegations of the defendant’s motion are true and, if so, whether he is entitled to DNA testing.”
 
 Crow,
 
 866 So.2d at 1262. On remand, the trial court may attach record portions from the trial transcript relevant to the issue of self-defense and determine whether DNA testing shows “a reasonable probability that [Appellant] would have been acquitted or would have received a lesser sentence if the DNA evidence had been admitted at trial.” Fla. R. Crim. P. 3.853(c)(5)(C).
 

 We affirm, however, the summary denial of appellant’s request for DNA testing of the shotgun. Appellant has not demonstrated in any way how a finding of the
 
 victim’s
 
 blood, or even Appellant’s blood, on the shotgun would support his theory of self-defense. Appellant used the butt of the gun to bludgeon the victim, and the presence of his DNA on the gun would not tend to exonerate him; therefore, Appellant fails to establish how the requested DNA testing of the shotgun would “either exonerate the defendant or mitigate the sentence that [he] received.” Fla. R. Crim. 3.853(b)(4);
 
 see Hitchcock v. State,
 
 866 So.2d 23 (Fla.2004) (holding that a
 
 rule 3.853
 
 movant must plead with specificity
 
 *979
 
 “how the DNA testing ... would give rise to a reasonable probability of acquittal or a lesser sentence”);
 
 Galloway v. State,
 
 802 So.2d 1173, (Fla. 1st DCA 2001) (holding that a rule 3.853 motion was facially insufficient where the defendant did not allege facts demonstrating that DNA testing would rule out his guilt).
 

 Accordingly, we AFFIRM in part, REVERSE in part, and REMAND for further proceedings.
 

 KAHN and ROBERTS, JJ., concur.