CASANUEVA, Chief Judge.
 

 Richard London appeals an order dismissing his petition to modify a foreign child custody determination for lack of jurisdiction.
 
 [1]
 
 Our review is de novo.
 
 See N.W.T. v. L.H.D.,
 
 955 So.2d 1236, 1238 (Fla. 2d DCA 2007). We reverse and remand for further proceedings.
 

 Procedural History
 

 Jennifer Ellen London initiated dissolution proceedings in 2005 in French Saint Martin, where the parties lived together with their daughter. The French court exercised its jurisdiction over the matter, entering numerous orders regarding custody over the next several years. Mr. London unsuccessfully appealed at least two of those orders and sought to modify the French court’s custodial determination on a number of occasions. With the French court’s permission, Mrs. London and the child have resided in Florida since 2005. Mr. London, by his admission, has lived in Florida since 2007.
 

 Despite the ongoing proceedings in French Saint Martin, Mr. London filed a petition for dissolution of marriage in Hillsborough County, Florida, shortly after his change in residence. He then filed this petition to modify the French court’s child custody determination.
 
 [2]
 
 In response, Mrs. London filed a motion to dismiss or stay the husband’s child custody petition. She asserted that Mr. London was “seeking a second bite at the apple after losing three (3) custody appeals in [French] St. Martin” and that the French court still retained jurisdiction over the ongoing proceedings.
 

 Before the Florida court ruled upon the motion to dismiss, the French court received a challenge to its jurisdiction from Mr. London. On February 12, 2008, the French court ruled that it retained jurisdiction over the custody of the child.
 
 [3]
 
 The Florida court subsequently held a hearing and granted Mrs. London’s motion, dismissing both of Mr. London’s petitions with prejudice.
 
 [4]
 

 Analysis
 

 This case presents the often confusing intersection of several statutory provisions under the Uniform Child Custody Jurisdiction and Enforcement Act (UC-CJEA), codified in chapter 61 of the Flori
 
 *109
 
 da Statutes.
 
 See
 
 ch. 2002-65, § 5, at 852-69, Laws of Fla. Because Mr. London sought to modify a foreign court’s custody determination, we first look to section 61.516,Florida Statutes (2007), to determine the Florida court’s jurisdiction.
 

 61.516.Jurisdiction to modify a determination. — Except as otherwise provided in s. 61.517, a court of this state may not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under s. 61.514(l)(a) or (b) and:
 

 (1) The court of the other state determines it no longer has exclusive, continuing jurisdiction under s. 61.515 or that a court of this state would be a more convenient forum under s. 61.520; or
 

 (2) A court of this state or a court of the other state determines that the child, the child’s parents, and any person acting as a parent do not presently reside in the other state.
 

 The facts of this case satisfy all of section 61.516’s jurisdictional requirements. Section 61.516’s first requirement for jurisdiction is that “a court of this state has jurisdiction to make an initial determination under s. 61.514(l)(a) or (b).”
 
 [5]
 
 Because the record clearly establishes that both parties and their child lived in Florida for at least six months prior to the commencement of the Florida proceedings, Florida was the child’s home state at the time the Florida proceedings commenced.
 
 See
 
 § 61.503(7). Therefore, section 61.514(l)(a) is satisfied. Additionally, section 61.516(2) is satisfied because the French court previously found that the child and both parents moved their permanent residences from Saint Martin to Florida. Thus, we conclude that the Florida trial court possesses jurisdiction over the matter pursuant to section 61.516.
 

 However, our analysis does not end here. Section 61.516 must be read in pari materia with section 61.519, which applies due to the simultaneous proceedings in French Saint Martin.
 
 See Heart of Adoptions, Inc. v. J.A,
 
 963 So.2d 189, 199 (Fla.2007) (“ ‘[Rjelated statutory provisions must be read together to achieve a consistent whole, and ... “[wjhere possible, courts must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another.” ’ ”) (quoting
 
 Woodham v. Blue Cross & Blue Shield of Fla., Inc.,
 
 829 So.2d 891, 898 (Fla.2002)).
 

 61.519. Simultaneous proceedings—
 

 (1) Except as otherwise provided in s. 61.517,a court of this state may not exercise its jurisdiction under ss. 61.514-61.524 if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child had been commenced in a court of another state having jurisdiction substantially in conformity with this part, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum under s. 61.520.
 

 (2) Except as otherwise provided in s. 61.517,a court of this state, before hearing a child custody proceeding, shall examine the court documents and other information supplied by the parties pursuant to s. 61.522. If the court deter
 
 *110
 
 mines that a child custody proceeding was previously commenced in a court in another state having jurisdiction substantially in accordance with this part, the court of this state shall stay its proceeding and communicate with the court of the other state. If the court of the state having jurisdiction substantially in accordance with this part does not determine that the court of this state is a more appropriate forum, the court of this state shall dismiss the proceeding.
 

 (3) In a proceeding to modify a child custody determination, a court of this state shall determine whether a proceeding to enforce the determination has been commenced in another state. If a proceeding to enforce a child custody determination has been commenced in another state, the court may:
 

 (a) Stay the proceeding for modification pending the entry of an order of a court of the other state enforcing, staying, denying, or dismissing the proceeding for enforcement;
 

 (b) Enjoin the parties from continuing with the proceeding for enforcement; or
 

 (c) Proceed with the modification under conditions it considers appropriate.
 

 Regarding subsection (1), the record is clear that a dissolution proceeding — and within it, several subsequent proceedings regarding child custody — had been commenced in French Saint Martin prior to the Florida proceedings. The Florida court also found that the French proceedings were in substantial conformity with the UCCJEA and had not yet terminated.
 
 Cf. Karam v. Karam,
 
 6 So.3d 87 (Fla. 3d DCA 2009) (quashing an order dismissing a Florida custody proceeding when a foreign court failed to exercise its jurisdiction over a simultaneous proceeding in substantial conformance with the UCCJEA). The record before us supports the Florida court’s findings and does not suggest that the French court had stayed its proceedings. Consequently, subsection (1) would function to prohibit the Florida trial court from exercising its jurisdiction.
 

 Subsection (2) provides a means by which the Florida trial court could seek approval from the French court to exercise jurisdiction, operating as an exception to subsection (1). When confronted with evidence that child custody proceedings have been previously commenced in another state, this subsection requires the Florida trial court to stay its proceedings and to communicate with the foreign court. Upon this communication, the foreign court must determine whether this state is a more convenient forum. Unless the foreign court concludes that Florida is a more convenient forum,
 
 [6]
 
 the Florida court “shall dismiss the proceeding.”
 
 Id.
 

 
 *111
 
 The Florida court, based upon its review of the foreign documents, dismissed in part because it determined that the foreign court would not find Florida a more convenient forum.
 
 [7]
 
 However, as required by statute, the Florida court never actually communicated directly with the foreign court. By failing to provide the French court with this statutorily mandated courtesy, the Florida court could not determine the French court’s actual response to direct communication between two judicial fora.
 

 Lastly, subsection (3) provides the Florida court with three alternatives in considering a petition to modify custody where a party had previously commenced an enforcement action in another state: to stay the Florida modification proceeding, to enjoin the parties from continuing the enforcement in the foreign court, or to proceed with the modification.
 
 [8]
 
 Although this subsection, on its face, grants the Florida court the authority to proceed with modification, “the provisions of section 61.519 should be considered
 
 in pari materia
 
 with those of section 61.530.”
 
 Staats v. McKin-non,
 
 924 So.2d 82, 84 (Fla. 1st DCA 2006). Section 61.530 provides that, given simultaneous proceedings,
 
 [9]
 
 “the enforcing court shall immediately communicate with the modifying court ... and [t]he proceeding for enforcement continues unless the enforcing court, after consultation with the modifying court, stays or dismisses the proceeding.”
 

 “[Section 61.530] clearly confers greater discretion on the enforcing court to proceed with enforcement of a custody order than section 61.519 allows a court in another state in its consideration of a motion to modify.”
 
 Staats,
 
 924 So.2d at 85. Again, the Florida trial court must communicate to provide the French court the opportunity to determine if Florida is the more convenient forum.
 

 Consequently, we reverse the dismissal of Mr. London’s petition and remand for the trial court to comply with section 61.519’s communication requirements.
 

 Reversed and remanded.
 

 ALTENBERND and FULMER, JJ, concur.
 

 [1]
 

 . The order on appeal also dismissed Mr. London's petition for dissolution of marriage, but Mr. London raises no issue on appeal regarding that portion of the trial court's order.
 

 [2]
 

 . Although the pleading was titled as a petition
 
 to enforce and modify
 
 foreign child custody determination, Mr. London did not seek enforcement of the foreign court's orders.
 

 [3]
 

 . As more fully explained below, the French court’s ruling in this regard is not dispositive of the outcome of the case.
 

 [4]
 

 . Mr. London also argues that the trial court's dismissal should not have been
 
 with prejudice.
 
 "A dismissal without prejudice is generally proper wherever the case has been disposed of for a reason not reaching the merits."
 
 Masser v. London Operating Co.,
 
 106 Fla. 474, 145 So. 72, 77 (1932). However, this issue is moot for reasons explained later in this opinion.
 

 [5]
 

 . The First District interpreted this phrase to mean that "a Florida court has jurisdiction to ‘modify a child custody determination made by a court of another state’ if factors
 
 that would have given a Florida court jurisdiction
 
 jo
 
 make an initial determination
 
 (under section 61.514(1)(a) or (b)) are present.”
 
 Ogilvie v. Ogilvie,
 
 954 So.2d 698, 699 (Fla. 1st DCA 2007) (emphasis added) (quoting § 61.516, Fla. Stat. (2005)).
 

 [6]
 

 . The UCCJEA defines the term “inconvenient forum” in section 61.520. To conform substantially with the UCCJEA in this instance, the French court must "consider all relevant factors” to make this determination, including:
 

 (a) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;
 

 (b) The length of time the child has resided outside the state;
 

 (c) The distance between the [French court] and the [Florida court];
 

 (d) The relative financial circumstances of the parties;
 

 (e) Any agreement of the parties as to which state should assume jurisdiction;
 

 (f) The nature and location of the evidence required to resolve the pending litigation, including testimony of the child;
 

 (g) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and
 

 (h) The familiarity of the court of each state with the facts and issues in the pending litigation.
 

 § 61.520(2).
 

 [7]
 

 . In one of the French court proceedings, Mr. London asserted that Florida was the proper jurisdiction for the proceedings. The French court rebuffed this suggestion in a written order.
 

 [8]
 

 . The record does not clearly demonstrate whether or not either party filed an enforcement proceeding in the French court. The order on appeal is silent on the matter.
 

 [9]
 

 .Both sections 61.519 and 61.530 are titled “Simultaneous proceedings.” The former applies to foreign modification proceedings, the latter to foreign enforcement proceedings.