PER CURIAM.
Rebekah Durham (the mother) appeals from a Florida circuit court order denying her motion to dismiss Robert Butler’s (the father) complaint for paternity. She asserts that because there is a pending appeal in a Missouri court which had original jurisdiction over this matter, the Florida court erred.in concluding it had jurisdiction. By previous order of this Court we treat this appeal as a petition for writ of prohibition. We find that, pursuant to section 61.519(1), Florida Statutes (2011), the trial court currently lacks jurisdiction, and we grant the petition.

Background

The parties are the parents of the minor child, born in Missouri in 1995. In January 2002, a hearing on paternity, child support, and visitation was conducted in Clay County, Missouri. Later that month, a Judgment Decree for Paternity, Child *1024 Support, and Visitation was issued and executed by a commissioner. Apparently, however, a Missouri circuit judge did not enter a written order confirming the commissioner’s judgment until years later.
The parties subsequently relocated to Florida and have been living here for more than three years. In June 2011, the father filed a complaint for paternity in the Miami-Dade circuit court acknowledging that he is the biological father and requesting a parenting plan. The mother then contacted the Missouri court about an order confirming the 2002 commissioner’s judgment, and shortly thereafter, a Missouri circuit judge signed such an order. The father filed a notice of appeal in July 2011,- in Clay County, Missouri. To date, that appeal is still pending.
The mother moved to dismiss the father’s paternity complaint, maintaining that because the Missouri case had not been resolved, the Florida trial court lacked jurisdiction. The motion to dismiss was denied.

Analysis

The Florida circuit courts are vested with subject matter jurisdiction to hear child custody matters when the requirements of section 61.514, Florida Statutes (2011), are present. Under section 61.514(l)(a), a circuit court has jurisdiction if this state is the child’s home state. Under section 61.516, a court of this state has jurisdiction to modify another state’s determination if 1) the court would have jurisdiction to make an initial determination under section 61.514; and 2) the court of the other state no longer has jurisdiction, or a court of this state determines that the child, the child’s parents, and any person acting as a parent do not reside in the other state. See London v. London, 32 So.3d 107, 109 (Fla. 2d DCA 2009).
In this case, assuming the Missouri decree is valid, the Florida circuit court clearly has jurisdiction to modify Missouri’s determination. However, the issue is whether the circuit court should have exercised that jurisdiction.
Section 61.519(1), Florida Statutes (2011), provides:
Except as otherwise provided in s. 61.517, a court of this state may not exercise its jurisdiction under ss. 61.514-61.524 if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child had been commenced in a court of another state having jurisdiction substantially in conformity with this part, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum under s. 61.520.
As this Court has recognized, the Child Custody Jurisdiction and Enforcement Act (UCCJEA) is a “jurisdictional act which controls custody disputes.” Karam v. Karam, 6 So.3d 87, 90 (Fla. 3d DCA 2009) (quoting Arjona v. Torres, 941 So.2d 451, 454 (Fla. 3d DCA 2006)). In Karam, a child custody decision was on appeal in France at the time of the filing of a Florida action that included a child custody dispute, and this Court recognized that “if the French trial court exercised its jurisdiction ‘substantially in conformity’ with the UCCJEA, the Florida trial court may not exercise its jurisdiction.” Id. at 91.
Here, at the time of the commencement of the Florida proceeding, the Missouri proceeding had commenced in substantial conformity with the UCCJEA. When the Missouri action was filed in 2002, the child and the parties lived in Missouri, and neither party disputes that Missouri was the child’s home state. Because the Missouri proceeding is still pending, the Florida *1025 trial court improperly exercised its jurisdiction.[1]
This is not to say that when the Missouri appeal concludes that the father may not petition for modification or, if the Missouri court finds the child custody determination invalid, for an initial determination. However, while the Missouri action has not been terminated or stayed, the Florida trial court should not exercise its jurisdiction under the UCCJEA.[2] Conclusion
A writ of prohibition is an appropriate, if extraordinary, remedy that lies when a lower court is without jurisdiction or is attempting to act in excess of its jurisdiction. See, e.g., Mandico v. Taos Constr., Inc., 605 So.2d 850, 853-54 (Fla. 1992); see also Hamill v. Bower, 487 So.2d 345, 348 (Fla. 1st DCA 1986) (recognizing that prohibition may be used to prevent a Florida court from modifying a child custody provision in violation of the statutory jurisdictional limitations). In the case at hand, the trial court should not have exercised jurisdiction nor denied the mother’s motion to dismiss. We therefore grant the petition for prohibition. We trust that it will not be necessary to issue the writ.
Petition granted.

. No Florida court has discussed at length whether an action is “pending” in a court of another state when, at the time an action is commenced, there is an appeal pending from a decision of the trial court of the other state or country. However, several states, in interpreting the equivalent "simultaneous proceedings" section under the Uniform Child Custody Jurisdiction Act (UCCJA) — the uniform enactment prior to the UCCJEA — have found that an action is "pending,” and therefore the trial court is precluded from exercising jurisdiction, where an appeal from another state is still pending. See, e.g., Custody of a Minor, 392 Mass. 728, 468 N.E.2d 251 (1984); In re Custody of Rector, 39 Colo.App. Ill, 565 P.2d 950(1977).

. While section 61.519(2) provides a means by which a Florida trial court may seek approval from a foreign court to exercise jurisdiction, see London, 32 So.3d at 110, given the current status of the Missouri proceeding, subsection (2) is inapplicable.