DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RUFUS MITCHELL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-1412

[November 12, 2015]

Appeal of order denying rule 3.853 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; David F. Crow and John S. Kastrenakes, Judges; L.T. Case No. 501987CF002233BXXXMB.

Rufus Mitchell, Crawfordville, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Rufus Mitchell appeals an order summarily denying his motion for postconviction DNA testing, filed pursuant to rule 3.853, Florida Rules of Criminal Procedure. We reverse and remand because the record does not conclusively refute his claim.

After a jury trial, Mitchell was found guilty of (I) of sexual battery with threat to use force; (II) robbery; and (III) petit theft. This Court affirmed. *Mitchell v. State*, 595 So. 2d 56 (Fla. 1992) (table).

In his rule 3.853 motion, Mitchell alleged the conviction stemmed from an incident on the beach after dark. The victim first noticed five individuals having a heated argument. Two men left after the argument, but the other three proceeded to commit sexual battery on her and to rob her and her male companion of personal items. Mitchell's name was disclosed as one of the five men, but, he alleged, he was never positively identified as one of the three who attacked the victim. DNA testing was conducted before his 1991 trial, but the results were inconclusive. Mitchell always maintained his innocence, identity has always been an

issue, and no one conclusively identified him as one of the victim's three attackers.[1]  He listed several items of physical evidence he sought to have tested, including a rape kit that was positive for the presence of semen. He contended the items would demonstrate the presence of DNA not attributable to him, establishing he did not commit the offenses.

In responding to the motion, the State argued that even if Mitchell's DNA was not found, that would not exonerate him.  Because there were several attackers, it would not be unexpected to find DNA from other individuals.  The closest case it cited was *Galloway v. State*, 802 So. 2d 1173 (Fla. 1st DCA 2001).  In denying a similar motion, the *Galloway* court explained,

> Appellant merely alleged in his motion that his DNA would not match DNA evidence found at the scene of the crimes and on the body of the victim of the sexual battery.  Even if DNA testing of this evidence produced such a result, it would not exonerate appellant.  Such evidence would not demonstrate that appellant was not present at the scene of the crime and participating with his co-defendants in the commission of the crimes when they occurred.  **The fact that only appellant's co-defendants may have deposited DNA at the crime scene or on the body of the victim does not mean that appellant was not there**.  *See People v. Pugh,* 732 N.Y.S.2d 673, 2001 WL 1426324, at *1 (N.Y. App. Div. Nov. 15, 2001) (upholding denial of postconviction DNA testing in single assailant rape case on grounds that "the absence of defendant's semen on the tested material . . . would not have exonerated or tended to exonerate defendant").

*Id.* at 1175 (emphasis added).

However, the Third District distinguished *Galloway* in *Hampton v. State,* 924 So. 2d 34 (Fla. 3d DCA 2006) (reversing denial of motion for DNA testing).  In *Hampton,* the victim had said **all three** male assailants had forcible intercourse with her.  The Third District reasoned that if the

---

[1] The State's response to this Court represents the victim did identify Mitchell, but points to no record support for that statement.  In any event, identity may be at issue, for purposes of postconviction DNA testing, even if the victim positively identifies the defendant.  *Zollman v. State*, 820 So. 2d 1059, 1062 (Fla. 2d DCA 2002).  In his reply to this Court, Mitchell states that one of the state witnesses testified to seeing him leave the beach area with another individual before the victim was attacked.

sample collected from the victim contained **three** DNA profiles, and none of them matched Hampton, such evidence could exonerate him. The *Galloway* opinion, on the other hand, suggested one co-defendant committed sexual assault and the other two were guilty as principals for assisting; in such a case, semen proved to have been deposited by one would not exonerate the other two. *See Hampton*, 924 So. 2d at 36–37.

The summary record for this appeal does not contain any trial testimony, but it includes the probable cause affidavit, in which the victim reported that "all three subjects raped her." On this record, the case appears to be more like *Hampton* than *Galloway*. If DNA testing reveals that semen containing the DNA profile of three different men was found within the victim, but none of it matched Mitchell, then he could be exonerated.

An appellate court should affirm the summary denial of a rule 3.853 motion only if "the record shows conclusively that the appellant is entitled to no relief." Fla. R. App. P. 9.141(b)(2)(D). The record we have been provided does not conclusively show that Mitchell is entitled to no relief. Accordingly, we reverse and remand.

*Reversed and Remanded.*

STEVENSON, GROSS and CONNER, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

3