# Third District Court of Appeal

## State of Florida

Opinion filed May 18, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-912
Lower Tribunal No. 07-9620
_____

**Richard Fonseca,**
Petitioner,

vs.

**Taverna Imports, Inc., et al.,**
Respondents.

A Case of Original Jurisdiction – Prohibition.

Hicks, Porter, Ebenfeld & Stein, P.A., and Mark Hicks and Dinah Stein; Schlesinger & Associates, P.A., and Jennifer A. Kerr, for petitioner.

Rosenthal, Rosenthal, Rasco, Kaplan, LLC, and Eduardo I. Rasco and Joshua L. Zipper, for respondents.

Before ROTHENBERG, LAGOA and SCALES, JJ.

SCALES, J.

Petitioner Richard Fonseca seeks a writ of certiorari and/or prohibition preventing the trial court from entering an order granting Respondents Taverna Imports, Inc.'s (the "Corporation") and Mario Taverna's ("Taverna") motion for offset. The trial court's prospective order will have the effect of merging four separate judgments from two independent trial court cases. We grant Fonseca's petition seeking prohibition because the trial court lacks jurisdiction to modify the adjudications, the appeals of which are currently pending in this Court.

## I. Facts and Procedural Background

### A. *The Taverna and Corporation Action*

In 2007, Taverna and the Corporation filed suit – in lower court number 07-9620 – against four defendants, including Fonseca and his wife Marisela Fonseca, after a dispute arose as to whether Taverna had been duly removed as president of the Corporation.

On April 1, 2010, the trial court granted Taverna partial summary judgment, finding that Taverna was wrongfully ousted as president of the Corporation. On September 12, 2014, a jury awarded damages against the defendants, as follows: $1,063,234.00 in favor of the Corporation, and $833,000.00 in favor of Taverna. This jury award was reduced to two judgments against Fonseca.

2

On February 13, 2015, Fonseca, together with his wife Marisela Fonseca, appealed these judgments to this Court. This appeal is currently pending in case number 3D15-382.

B. *The Bank of America Action*

Also in 2007, Bank of America filed a separate action – in lower court number 07-43714 – against the Corporation, Taverna, and Marisela Fonseca to recover on a line of credit that went into default. The Bank of America line of credit had a principal balance of $95,243.46, and was personally guaranteed by Taverna and Marisela Fonseca.

In 2008, Bank of America obtained a default judgment against the Corporation in the amount of $110,309.36. In 2012, in the same action, Bank of America also obtained a judgment against Taverna in the amount of $180,907.92.[1] These two judgments were never satisfied.

On June 14, 2014, Fonseca purchased the two Bank of America judgments (one against the Corporation and one against Taverna) and became the judgment creditor on these two judgments. Shortly after Fonseca acquired these judgments – on September 23, 2014 – the Corporation filed a motion for relief from the 2008 and 2012 Bank of America judgments pursuant to rule 1.540(b) of the Florida Rules of Civil Procedure. In its motion, the Corporation argued that the newly

_____

[1] Bank of America did not obtain a judgment against Marisela Fonseca.

entered judgments against Fonseca in the Taverna and Corporation Action – lower court number 07-9620 – made it inequitable to allow collection on the Bank of America judgments now assigned to Fonseca.

On October 16, 2014, the trial court denied the Corporation's motion for relief from the judgments. That same day, the Corporation filed in this Court an appeal of the order denying its 1.540(b) motion (case number 3D14-2506). On May 27, 2015, this Court consolidated the appeals in case numbers 3D14-2506 and 3D15-382.

### C. *The Net Result of the Two Actions*

The net result of the two actions is summarized below:

- 07-9620 – The Corporation and Taverna were awarded two judgments against Fonseca totaling $1,896,236.00.

- 07-43714 – Fonseca owned two judgments against the Corporation and Taverna totaling $221,217.28.

### D. *The Proposed Offset Order*

On September 23, 2014, in lower court number 07-9620, the Corporation filed a motion – in which Taverna joined – requesting an offset of the four judgments entered in the two above-referenced lower court cases. This motion sought somewhat similar relief to the rule 1.540(b) motion the Corporation had filed the same day – and that was ultimately denied – in the Bank of America

4

Action (lower court number 07-43714). In their motion, the Corporation and Taverna sought for the trial court to invoke its equity jurisdiction, and both (i) cancel the judgments against them, in lower court number 07-43714, which Fonseca had acquired from Bank of America, and (ii) reduce the amounts Fonseca owed the Corporation and Taverna by virtue of the judgments entered in lower court number 07-9620.

Despite the pendency in this Court of the appeals of the two judgments entered in lower court number 07-9620, and the appeal of the rule 1.540(b) denial in lower court number 07-43714, the trial court heard the motion on March 12, 2015. At the hearing, the trial court informed the parties of its intent to grant the motion and enter an order that both cancelled the judgments in lower court case 07-43714 and amended the judgments in lower court case 07-9620 to subtract the amount awarded in the cancelled judgments (the "Proposed Offset Order").[2]

As a result of the trial court's imminent intention to enter the Proposed Offset Order, Fonseca petitioned this Court for certiorari and prohibition relief.

**II. Analysis**

It is well settled that, except in circumstances not applicable here, a trial court is divested of jurisdiction upon the filing of a notice of appeal. Palma Sola Harbour Condo., Inc. v. Huber, 374 So. 2d 1135, 1138 (Fla. 2d DCA 1979).

[2] The trial court entered a handwritten order indicating that the trial court will enter the Proposed Offset Order nunc pro tunc to the date of the March 12th hearing.

5

Accordingly, a trial court is without jurisdiction to modify a judgment, while that judgment is pending on appeal, in the absence of the appellate court relinquishing jurisdiction to the trial court for that purpose. See Glatstein v. City of Miami, 391 So. 2d 297 (Fla. 3d DCA 1980).

While the Corporation and Taverna's motion to offset was filed before the appeal notices were filed in the two lower court cases, the trial court was divested of jurisdiction over the cases *prior* to its conducting the March 12, 2015 hearing on the motion.

There is no doubt that the Proposed Offset Order, if entered, would modify the two judgments and the order on appeal to this Court. The Proposed Offset Order would not only create two *new* amended judgments, but would also satisfy/cancel the other two judgments. The Proposed Offset Order would also effectively grant the rule 1.540(b) order, the denial of which is on appeal to this Court.

Because the Proposed Offset Order would modify the very adjudications that are currently on appeal to this Court, consolidated in case number 3D15-382, the trial court lacks jurisdiction to enter the Proposed Offset Order.

Indeed, if the trial court were to enter the Proposed Offset Order, both the jurisdiction of this Court, and the rights of the parties to the judgments and order

6

on appeal, would be frustrated. <u>See</u> <u>Liberman v. Rhyne</u>, 248 So. 2d 242, 244 (Fla. 3d DCA 1971).

Prohibition is appropriate to prevent a trial court from proceeding in a matter in which the trial court no longer has jurisdiction. <u>English v. McCrary</u>, 348 So. 2d 293, 296-97 (Fla. 1977); <u>see</u> <u>also</u> <u>Durham v. Butler</u>, 89 So. 3d 1023, 1025 (Fla. 3d DCA 2012); <u>City of St. Petersburg v. Cir. Ct. of the Sixth Jud. Cir.</u>, 422 So. 2d 18, 19 (Fla. 2d DCA 1982).

Because the trial court is without jurisdiction to modify the judgments and order on appeal, we grant the petition for writ of prohibition and prevent the trial court from entering the Proposed Offset Order.

Although we grant the petition seeking the writ of prohibition, we trust that it will not be necessary to issue the writ. We deny as moot the portion of the petition seeking certiorari relief.

Petition for prohibition granted; writ withheld.