# Third District Court of Appeal

## State of Florida

Opinion filed July 10, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0857
Lower Tribunal No. F09-40479
_____

**Rafael Toirac-Aguilera,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Marisa Tinkler Mendez, Judge.

Rafael Toirac-Aguilera, in proper person.

Ashley Moody, Attorney General, and Katryna Santa Cruz, Assistant Attorney General, for appellee.

Before EMAS, GORDO and LOBREE, JJ.

PER CURIAM.

Affirmed. See Bates v. State, 3 So. 3d 1091, 1098 (Fla. 2009) ("In order to be entitled to postconviction DNA testing, a defendant's motion must include 'a description of the physical evidence containing DNA to be tested and, if known, the present location or last known location of the evidence and how it originally was obtained.' The motion must also allege that the evidence was not previously tested or that the results of such testing were inconclusive. Additionally, a defendant's motion must explain how the DNA testing requested will exonerate the defendant or mitigate the defendant's sentence.") (quoting Fla. R. Crim. P. 3.853(b)(1)-(4)); Hitchcock v. State, 866 So. 2d 23, 27 (Fla. 2004) ("The clear requirement of these provisions is that a movant, in pleading the requirements of rule 3.853, must lay out with specificity how the DNA testing of each item requested to be tested would give rise to a reasonable probability of acquittal or a lesser sentence. In order for the trial court to make the required findings, the movant must demonstrate the nexus between the potential results of DNA testing on each piece of evidence and the issues in the case. Here, [the defendant] failed to demonstrate such a nexus."); See Scott v. State, 46 So. 3d 529, 533 (Fla. 2009) ("[T]he motion remains legally insufficient because [the defendant] failed to show that there is a reasonable probability the test results would exonerate him or lessen his sentence. As we have stated, 'It is the

2

defendant's burden to explain, with reference to specific facts about the crime and the items requested to be tested, how the DNA testing will exonerate the defendant of the crime or will mitigate the defendant's sentence.' And, when the defendant cannot show that DNA will prove or negate a material fact, the request for testing should be denied." (quoting Robinson v. State, 865 So. 2d 1259, 1265 (Fla. 2004))); Overton v. State, 976 So. 2d 536, 569 (Fla. 2007) (affirming denial of postconviction DNA testing because it would not prove or disprove any material fact); King v. State, 808 So. 2d 1237, 1247–49 (Fla. 2002) (affirming denial of DNA testing when defendant could not show that the result would raise a reasonable probability of acquittal); Galloway v. State, 802 So. 2d 1173, 1175 (Fla. 1st DCA 2001) (affirming denial of DNA testing, concluding that a mere allegation that the DNA would not match was insufficient to establish that the defendant was not participant in the crime).