# Third District Court of Appeal

## State of Florida

Opinion filed January 2, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1947
Lower Tribunal Nos. 14-10507-FC-04, 15-13605-FC-04, 15-29393-FC-04
_____

**Andria Pardes, etc., et al.,**
Petitioners,

vs.

**Jill Pardes, etc.,**
Respondent.

A Case of Original Jurisdiction – Prohibition.

The Ferraro Law Firm, and Leslie B. Rothenberg; Barry S. Franklin & Associates, P.A., and Barry S. Franklin, for petitioners.

No appearance for respondent.

Before EMAS, FERNANDEZ and BOKOR, JJ.

PER CURIAM.

Andria Pardes, the former wife, individually and in her roles as assignee and sole beneficiary of the 584 Land Trust, along with Harold Friedland, individually and in his capacity as the trustee, petition this court to prohibit the trial court from acting outside its authority in a matter referred to a trial resolution judge (commonly known as a private judge) for resolution of various matters pursuant to section 44.104, Florida Statutes. Jill Pardes, as personal representative of the Estate of Michael Pardes, the former husband, declined to respond to the petition. Based on our review of the record and the relevant legal standard, we conclude the trial court acted outside of its jurisdiction in determining that the trial court, and not the private judge, should adjudicate pending prevailing party fee motions that relate to the matters over which the parties submitted to resolution by the private judge. Accordingly, we grant the relief requested.[1]

This petition follows a flurry of litigation in the trial court and multiple appeals and petitions. Pertinent to this petition, the parties agreed to have most if not all of the dispute between the parties resolved via private judge,

_____

[1] We have original jurisdiction to issue the relief requested and we review the matter de novo. See Art. V, § 4(b)(3), Fla. Const., Fla. R. App. P. 9.030(b)(3), and Fla. R. App. P. 9.100(a); see also Philip Morris USA, Inc., v. Brown, 96 So. 3d 468, 471 (Fla. 1st DCA 2012).

necessarily divesting the trial judge of jurisdiction over those issues so designated. Prior to this petition, the former wife sought prohibition to prevent the trial court from exercising jurisdiction over a whole range of issues the former wife claimed were reserved for the private judge, most of which were resolved to the former wife's satisfaction by the trial court's September 24, 2024 order on the former wife's motion for reconsideration. Because the September 24, 2024 order granted most of the relief sought in the prior petition for prohibition, this court dismissed in part and denied in part the prior petition, without prejudice to seek specific review of any outstanding issues by subsequent petition. See Pardes v. Pardes, No. 3D2023-1504 (Fla. 3d DCA Oct. 17, 2024) (dismissing petition for prohibition in part based on mootness resulting from the amended trial court order granting the relief requested and denying in part without prejudice to seeking further relief through a separate petition). This is the subsequent petition. Specifically, this petition seeks review of the portion of the September 24, 2024 order that denies reconsideration of the trial judge's previous ruling regarding its (or the private judge's) "authority to determine the competing prevailing party fees motions."

So, the issue becomes, what jurisdiction does the private judge have and did the orders on review here improperly seek to supplant the private

judge's authority to hear and resolve such issues? Fast-forwarding past irrelevant (and convoluted) procedural history, the parties by stipulation alerted the trial court that "[t]he parties previously entered into an agreement ratified by a Court Order that all litigation between them would be presided over by Private Judge Stanford Blake." The trial court subsequently reaffirmed by order that the dissolution of marriage case was to be tried by Judge Blake in his capacity as the duly authorized private judge. After the trial, final decree, and appeal, Judge Blake, again by agreement of the parties, resolved the issue of entitlement to fees. The ultimate resolution of the amount of fees should, therefore, also be resolved by Judge Blake, to the exclusion of the trial judge.

The parties consented to Judge Blake's authority to resolve all litigation between the parties. Even without a specific reservation by the private judge to determine the amount of fees, such reservation is assumed in the issuance of the order of entitlement to fees. See Fetchick v. Fetchick, 346 So. 3d 209, 211–12 (Fla. 5th DCA 2022) (explaining that although a final judgment terminates a trial court's jurisdiction over that action, the trial court retains continuing jurisdiction to enforce its judgment, and "specific to the award of attorney's fees, the contempt order was a non-final order, merely prefatory to another order establishing the fees . . . owed"). The trial court is

4

without authority to narrow or rescind or modify the agreement of the parties and the designation of the matter before Judge Blake, and the fact that an order determining entitlement to fees does not specifically reserve jurisdiction to determine the amount of fees does not divest the private judge of jurisdiction to make such a determination, just as it wouldn't divest a trial judge of that authority. See id.; see also § 44.104(1), (5), (8), (11), Fla. Stat. (establishing that, as related to the issues raised here, the private judge has the same authority as a trial judge); Pardes v. Pardes, 335 So. 3d 1241, 1243 n.2 (Fla. 3d DCA 2021) (citing section 44.104(1) and referring throughout the opinion to the private judge as "the trial court").

The former wife seeks only to prevent the trial court from its expressed intent to exercise powers properly delegated to the private judge by agreement of the parties and authorized by statute. Accordingly, prohibition is the appropriate remedy, and we grant the petition. See, e.g., Roberts v. Brown, 43 So. 3d 673, 677–78 (Fla. 2010) (explaining that prohibition prevents a lower court from acting in excess of its jurisdiction, but it is not appropriately used to reverse or correct prior acts); Durham v. Butler, 89 So. 3d 1023, 1025 (Fla. 3d DCA 2012) (same).

Petition granted.

5